ATTORNEY FOR APPELLANT
David Becsey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



### In the
# Indiana Supreme Court

No. 49S05-0806-CR-365

MICHAEL D. SMITH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion County Superior Court, Criminal Div., No. 49G04-0505-FA-073813
The Honorable Patricia J. Gifford, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0609-CR-517

**June 26, 2008**

**Sullivan, Justice.**


A jury convicted defendant Michael D. Smith on four counts of child molesting. The trial court ordered four consecutive sentences of 30 years each, a total executed sentence of 120 years. Based on the character of the offender and the nature of the offenses, we revise the sentence to a total of 60 years.

## Background

Michael D. Smith married Tanya Smith in 1995. Tanya had three children from another relationship: K.J. and her two brothers. Smith resided with Tanya and her children until 2004, when K.J. was 13 years old. In 2005, K.J. filed a report with the Indianapolis Police Department to the effect that Smith had had sexual intercourse with her when she was ten years old and on three other occasions before she turned 14. The State charged Smith with six counts: four counts of Class A child molesting, one count of Class C child molesting, and one count of Class D fondling in the presence of a minor.

A jury found Smith guilty on all six counts. The trial court merged each of the Class C and Class D felony convictions with two of the Class A felony convictions. The trial court then sentenced Smith to serve consecutive sentences of 30 years on each of the four Class A felony convictions, for a total executed sentence of 120 years. Smith appealed his convictions and sentence. In an unpublished memorandum decision, the Court of Appeals affirmed. Michael Smith v. State, No. 49A05-0609-CR-517, slip. op., 872 N.E.2d 219 (Ind. Ct. App. Aug. 14, 2007). Smith seeks transfer on, and we grant transfer to address, the sentencing issue only.[1]

## Discussion

For this case, the standard or "presumptive" sentence for Class A felony child molesting is "a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." Ind. Code § 35-50-2-4 (2004).[2] "The legislature has prescribed standard or 'presumptive' sentences

---

[1] In his brief to the Court of Appeals, Smith also contended that there was insufficient evidence to support his convictions. The Court of Appeals resolved this issue adversely to Smith. Smith, slip op. at 5-6. We summarily affirm the decision of the Court of Appeals on this point. Ind. Appellate Rule 58(A)(2).

[2] The current, amended version of I.C. § 35-50-2-4 refers to an "advisory" sentence. See I.C. § 35-50-2-4 (Supp. 2007). An amendment to this statute made in response to Blakely v. Washington, 542 U.S. 296 (2004), which included a change from "presumptive" sentences to "advisory" sentences, became effective on April 25, 2005. See Anglemyer v. State, 868 N.E.2d 482, 491-92 n.9 (Ind. 2007). We apply the version of the sentencing statute in effect at the time of Smith's crimes (pre-April 25, 2005) and thus refer to his "presumptive" sentence, rather than his "advisory" sentence. See id. ("The amended sentencing scheme was enacted on April 25, 2005. It thus applies to Anglemyer whose crimes were committed thereafter.")

for each crime, allowing the sentencing court limited discretion to enhance a sentence to reflect aggravating circumstances or to reduce a sentence to reflect mitigating circumstances." Francis v. State, 817 N.E.2d 235, 237 (Ind. 2004). In sentencing a defendant convicted on more than one count, judges have the authority to impose concurrent or consecutive sentences. I.C. § 35-50-1-2(c) (2004).[3] In order for a trial court to have imposed consecutive sentences, it must have (1) identified all significant aggravating and mitigating circumstances; (2) set forth the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) demonstrate that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. Ortiz v. State, 766 N.E.2d 370, 377 (Ind. 2002).

The trial court here imposed consecutive sentences based on Smith's previous conviction for Class D child molesting. (Tr. 143) ("I find that your previous conviction for child molest is sufficient justification to order consecutive sentences. . . ."). It then ordered the presumptive sentence of 30 years for each of the four Class A child molesting convictions, resulting in a total executed sentence of 120 years. See id. at 143-44 (". . . given that I am going to impose consecutive sentences, the presumptive sentence for each of these four crimes is appropriate."). The trial court's sentence complied with all applicable requirements of statute and case law.

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed." Ind. Const. art. VII, § 4. Pursuant to this authority, we have provided by rule that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). Indeed, "[a]lthough a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court." Anglemyer, 868 N.E.2d at 491 (citations omitted). Smith asks that we review and revise his sentence pursuant to this authority and we conclude that it is appropriate to do so in this case.

---

[3] We again apply the version of I.C. § 35-50-1-2(c) in effect at the time of Smith's crimes. The amended version of this statute became effective on May 11, 2005, after Michael Smith had committed his crimes. See 2005 Ind. Acts, Pub. L. No. 213-2005, § 4 (codified at I.C. § 35-50-1-2(c) (Supp. 2005)).

We begin our review by considering the offender.  Smith's criminal history was the primary basis upon which the trial court imposed consecutive sentences.  Sentencing courts may consider the fact that "[t]he person has a history of criminal or delinquent activity" as either an aggravating circumstance or as favoring consecutive sentences.  I.C. § 35-38-1-7.1(b)(2) (2004).  This Court has previously concluded that the significance of a defendant's prior criminal history in determining whether to impose a sentence enhancement will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense."  Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004) (quoting Wooley v. State, 716 N.E.2d 919, 929 (Ind. 1999)).

In our case, Smith's extensive criminal history includes two sex-based offenses: a felony conviction for Class D child molesting in 1990 and a charge for felony Class D sexual battery that was later pled to a lesser offense in 1991.  While we acknowledge that the nature of these offenses is similar to the nature of Smith's current offenses, we note that they each occurred about ten years before his current offenses.  The record shows that Smith had not been arrested, charged, or convicted of any sex-based crimes between 1991 and 2005.[4]

We agree with the trial court here that Smith's mental health, which includes a history of depression and two unsuccessful attempts at suicide, is a mitigating circumstance.

Additional factors relating to the offender noted by the trial court were (1) that "there will be a hardship on your [Smith's] son that would be a natural consequence of any period of incarceration"; and (2) that Smith had a "self-purported history of substance abuse, having previously used cocaine, marijuana and heavy use of alcohol." (Tr. 143.)

Turning to the offenses, we find multiple, serious aggravating circumstances.  First and foremost is the extended period of time over which Smith molested K.J.  The record suggests that Smith first assaulted K.J. when she was ten years old and continued until to do so until K.J. was 13 years old and ran away from home to escape the abuse.  As noted supra, a jury found

---

[4] It appears that Smith was only incarcerated for approximately six months of this time.  The earliest date of the crimes charged here is "on or about, November 2, 2001 through November 2, 2002."  (State of Indiana Pre-Sentence Report at 7.)

Smith guilty of having had sexual intercourse with K.J. on four separate occasions during this period. The record indicates substantial additional sexual misconduct on Smith's part during these and other incidents.

We agree with the trial court that because Smith was K.J.'s step-father, the crimes he visited upon her were a "heinous violation of trust." (Tr. 142.) The trial court also concluded that Smith had blamed K.J. for inducing his crimes and had "shown an utter lack of remorse." (Tr. 142-43.) There is evidence in the record that he was angry with K.J. when she would not submit to sex with him and that he would threaten suicide to make her feel guilty. Overall, Smith sexually abused K.J. on multiple occasions over an extended period of years, violating his position of trust as her step-father, and inflicting additional psychological abuse using anger and guilt.

After reviewing the sentence imposed, we find as follows. We assign aggravating weight in the low range to Smith's prior criminal history due to the lack of proximity in time between the prior offenses and the instant offenses. We assign mitigating weight in the low range to Smith's poor mental health. Taken together, these factors do not warrant any deviation from the presumptive sentence of 30 years imposed by the trial court for each count. However, we find that Smith's repeated molestations of K.J., together with his violation of his position of trust and his infliction of psychological abuse, warrant the sentence on one of these counts being imposed consecutive to one of the other counts. We direct that the sentences on the remaining two counts be served concurrently with the other two. The trial court may select which sentences shall be served consecutively.

Our revision produces a total executed sentence of 60 years (consecutive standard 30-year terms on two counts, remaining terms concurrent) and is consistent with this Court's general approach to such matters. See Estes v. State, 827 N.E.2d 27 (Ind. 2005) (per curiam) (267-year sentence for convictions on 15 counts of child molesting and related charges involving two victims revised to 120 years (consecutive standard 30-year terms on four counts, remaining terms concurrent)); Serino v. State, 798 N.E.2d 852 (Ind. 2003) (385-year sentence for conviction on 26 counts of child molesting and related charges involving one victim revised to 90 years

5

(consecutive standard 30-year terms on three counts, remaining terms concurrent)); Ortiz, 766 N.E.2d 370 (60-year sentence for conviction on three counts of child molesting involving one victim revised to 30 years (standard 30-year term on one count, remaining terms concurrent; additional 30-year habitual offender enhancement affirmed)); Walker v. State, 747 N.E.2d 536 (Ind. 2001) (80-year sentence for two counts of child molesting involving one victim revised to 40 years (enhanced 40-year term on one count, remaining term concurrent)).

## Conclusion

We summarily affirm the Court of Appeals with respect to Smith's convictions. App. R. 58(A)(2). We remand the issue of Smith's sentence to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a revised sentence consistent with this opinion, without a hearing.

Shepard, C.J., and Rucker, J., concur.

Boehm, J., concurs in the result.

Dickson, J., dissents with separate opinion.

**Dickson, Justice, dissenting.**

I respectfully dissent, believing that the trial court's sentencing determination should be affirmed in this case.

The appellate authority to review and revise criminal sentences provided in Art. 7, § 4 of the Indiana Constitution is merely a permissive option. It does not compel such review. We have elected to implement this authorization by Indiana Appellate Rule 7(B), which "places central focus on the role of the trial judge, while reserving for the appellate court the change to review the matter in a climate more distant from local clamor." Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). But in light of an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases.

Any greater frequency in appellate revision of criminal sentences may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained sentencing decisions are best made by a trial judge with the gravity that results from knowing that the judge's decisions are essentially final.

I am not convinced that this case is sufficiently rare or exceptional to warrant appellate intrusion into the trial court's sentencing determination.