## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 18 2015, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissman
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Armacost,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 18, 2015

Court of Appeals Case No.
15A04-1410-CR-512

Appeal from the Dearborn Superior Court 2

The Honorable Sally A. Blankenship, Judge

Case No. 15D02-1206-FD-287

**Vaidik, Chief Judge.**

# Case Summary

[1] Anthony Armacost appeals the two-and-one-half-year sentence imposed after he pled guilty to receiving stolen property. He specifically argues that his

sentence is inappropriate. Based on Armacost's extensive criminal history that spans fifteen years, we conclude that the sentence imposed in this case is not inappropriate.

## Facts and Procedural History

[2]     In September 2014, thirty-eight-year-old Armacost pled guilty to receiving stolen property as a Class D felony after he stole a gas weed trimmer in Ohio and sold it at a pawn shop in Indiana. At the sentencing hearing, the evidence revealed that Armacost has an extensive fifteen-year criminal history that includes seven prior felony convictions in Ohio and Kentucky for aggravated assault, driving under the influence, resisting arrest, trafficking in marijuana, breaking and entering, and two counts of theft. He also has misdemeanor convictions in Ohio for drug abuse, disorderly conduct, possession of cocaine, and resisting arrest. He has two probation violations and seven community-corrections violations. Armacost committed theft, breaking and entering, and burglary in Ohio after committing the offense in this case. After hearing this evidence, the trial court sentenced Armacost to two-and-one-half years for Class D felony receiving stolen property.

[3]     Armacost appeals.

## Discussion and Decision

[4]     Armacost's sole argument is that his two-and-one-half-year executed sentence is inappropriate. The Indiana Constitution authorizes independent appellate

review and revision of the trial court's sentencing decision. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). We implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Id.* Armacost bears the burden on appeal of showing us that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] Here, concerning the nature of the offense, Armacost stole a gas weed trimmer in Ohio and sold it at an Indiana pawn shop. Although this offense is not particularly egregious, it is Armacost's character that militates against any downward revision in his sentence.

[6] When considering the character of the offender, a relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (explaining that even a minor criminal history reflects poorly on the defendant's character). The significance of a defendant's prior criminal history will vary based on the gravity, nature, and number of prior offenses as they relate to the current offense. *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008).

[7] Armacost has seven prior felony convictions, including two for theft and one for breaking and entering. He also has several misdemeanor convictions and probation violations as well as seven community-corrections violations. After committing the offense in this case, Armacost committed theft, breaking and

entering, and burglary in Ohio. Clearly, Armacost has not reformed his criminal behavior despite his numerous contacts with the criminal-justice system. *See Abbott v. State*, 961 N.E.2d 1016, 1020 (Ind. 2012). In light of the nature of the offense and his character, Armacost has failed to persuade us that his sentence is inappropriate.

[8] Affirmed.

Kirsch, J., and Bradford, J., concur.