## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 16 2016, 10:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler F. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward G. Shell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 16, 2016<br><br>Court of Appeals Cause No.<br>02A04-1511-CR-2025<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances M. Gull, Judge<br><br>Trial Court Cause No.<br>02D06-1411-F6-426 |

**Barnes, Judge.**

# Case Summary

Edward Shell appeals his two-and-a-half year sentence following his conviction for Level 6 felony theft. We affirm.

# Issue

The issue before us is whether Shell's two-and-a-half year sentence is inappropriate.

# Facts

On November 15, 2014, Shell was observed in a Wal-Mart in Fort Wayne hiding items, primarily washcloths, sheets, and toiletries, in his coat. Shell fled the store with these items, which were valued at $12.00. He was later arrested and charged with Level 6 felony theft due to his prior convictions for conversion. Shell stated that he had intended to purchase the items he took, but that he had been drinking alcoholic beverages, and that he "Does stupid s***" when he's been drinking and stole the items instead. App. p. 17. On January 26, 2015, Shell pled guilty to theft. Shell's sentence was deferred pending his successful completion of the Allen Superior Drug Court Program.

Following his hearing, Shell started the Allen Superior Drug Court Program. Over the course of the program, he accumulated one diluted drug screen and eight positive drug screens for cocaine. In June 2015, Shell was discharged from a treatment facility for failing to return home. He was then transported to a different treatment facility. After again testing positive for cocaine, a trial court hearing regarding Shell was scheduled. When Shell failed to appear in

court for the hearing, a warrant was issued for him. The trial court revoked Shell's placement in the Allen Superior Drug Court Program. On October 21, 2015, the trial court sentenced Shell to two-and-a-half years at the Indiana Department of Correction.

## Analysis

Shell's argument is that his two-and-a-half year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a

given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] Pursuant to the statute in effect at the time Shell committed his offense, the sentencing range for a Level 6 felony is between six months and two-and-a-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b). Regarding the nature of Shell's offense, we concede that his crime was not egregious. While intoxicated, Shell stole merchandise that was valued at $12.00. However, Shell's character amply justifies his maximum sentence for theft. Shell had the opportunity to have his sentence deferred pending his successful completion of the Allen Superior Drug Court Program. Shell failed to successfully complete the Drug Court Program due to his diluted drug screen, eight positive drug screens for cocaine, failing to return home, and again testing positive for cocaine.

[8] Shell also has an extensive criminal history. Sentencing courts may consider the fact that "[t]he person has a history of criminal or delinquent activity" as either an aggravating circumstance or as favoring consecutive sentences. I.C. § 35-38-1-7.1(b)(2). The significance of a defendants criminal history in determining whether to impose a sentence enhancement will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008). Beginning in 1989,

Shell has been convicted of sixteen misdemeanors and six felonies. He has been convicted of theft, criminal deception, non-support of a dependent, operating while suspended twice, carrying a handgun without a license twice, criminal conversion five times, operating a vehicle as a habitual traffic violator three times, and driving while suspended six times. The extent and number of Shell's prior convictions, specifically his conversion and theft convictions, are, in part, what caused his current conviction to be raised from a misdemeanor to a Level 6 felony. But his criminal history extends well beyond that. Shell has also had suspended sentences revoked three times and felony probation revoked three times.

[9] Shell contends that much of his criminal history is for crimes that are now less serious than they were before, particularly his driving offenses. But it is well established that "[t]he sentencing statute in effect at the time a crime is committed governs the sentence for that crime." *Harris v. State*, 897 N.E.2d 927, 928–29 (Ind. 2008). Indiana Code Section 1-1-5.5-22(b) explicitly states that "[t]he general assembly does not intend the doctrine of amelioration … to apply to any SECTION of [the new criminal code]." We have also recognized that the new criminal code does not apply retroactively. *Ellis v. State*, 29 N.E.3d 792, 801 (Ind. Ct. App. 2015), *trans. denied*. We will not give retroactive effect to the new criminal code in considering Shell's criminal history.

[10] Given Shell's poor character and extensive criminal history, we conclude that the two-and-a-half-year sentence is not inappropriate.

# Conclusion

We find that Shell's two-and-a-half year sentence is not inappropriate. We affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.