## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2016, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Troy Stevenson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2016

Court of Appeals Case No.
49A04-1512-CR-2057

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

Trial Court Cause No.
49G20-1308-FB-56735

**Pyle, Judge.**

# Statement of the Case

Troy Stevenson ("Stevenson") challenges his sentences for his Class B felony dealing in a narcotic drug[1] conviction and habitual offender enhancement[2] and his judgment of conviction for his Class D felony possession of a narcotic drug conviction.[3] He argues that: (1) the trial court abused its discretion when it sentenced him because it did not properly identify aggravating factors; and (2) the trial court erred when it merged his possession and dealing convictions without vacating the possession conviction. Because we conclude that the trial court did not abuse its discretion in identifying aggravators, we affirm in part. However, we agree that the trial court erred when it merged Stevenson's possession and dealing convictions without vacating the possession conviction. We reverse in part and remand with instructions for the trial court to vacate Stevenson's conviction for possession of a narcotic drug.

We affirm in part, reverse in part, and remand.

# Issues

1. Whether the trial court abused its discretion when it sentenced Stevenson.

2. Whether the trial court erred when it merged two of Stevenson's convictions without also vacating one of the convictions.

---

[1] IND. CODE § 35-48-4-1(a)(1)(C).

[2] I.C. § 35-30-2-8(a).

[3] I.C. § 35-48-4-6.

# Facts

In August 2013, Indianapolis Metropolitan Police Department ("IMPD") Detective Nicholas Andrews ("Detective Andrews") received a tip from a confidential informant that a man with the nickname of "Run" was selling heroin on the southside of Indianapolis. (Tr. 124). The confidential informant gave Run's phone number to Detective Andrews and told him the neighborhood where Run usually conducted his narcotics transactions. Detective Andrews and other detectives then set up surveillance in that neighborhood on August 7 and 14, 2013 and identified "Run" as Stevenson.

On the second day of surveillance, Detective Andrews decided to arrange a controlled purchase of heroin from Stevenson. That night, he provided a confidential informant with $120 of prerecorded buy money and outfitted an undercover detective, David Durant ("Detective Durant"), with an audio recording device. Detective Durant and the confidential informant then called Stevenson and arranged to buy heroin. After multiple location changes, they, along with six to seven officers in an undercover backup van, eventually drove to a gas station at the intersection of 56th Street and Shadeland Way. At the gas station, Detective Durant gave Stevenson the $120 in buy money, and Stevenson gave him 0.9511 grams of heroin in exchange. Subsequently, Stevenson drove away from the gas station "at a high rate of speed," and Detective Durant and the informant met with Detective Andrews and gave him the heroin. (Tr. 159). Detective Andrews later tried to arrange a second

controlled purchase of heroin from Stevenson, but Stevenson did not answer his phone.

[5] On August 28, 2013, the State charged Stevenson with Count I, Class B felony dealing in a narcotic drug and Count II, Class D felony possession of cocaine.[4] On February 28, 2014, the State then added an allegation that Stevenson qualified as an habitual offender because of two prior unrelated felony convictions.

[6] On October 29, 2014, the trial court conducted a jury trial. However, the trial resulted in a mistrial due to a misstatement by one of the detectives. The trial court then held a second jury trial on September 30, 2015, but that trial resulted in a hung jury. Finally, the trial court held the instant jury trial on October 21, 2015, and the jury found Stevenson guilty of Counts I and II. Stevenson waived a jury trial on his habitual offender allegation and pled guilty to being an habitual offender.

[7] Thereafter, the trial court held a sentencing hearing on November 9, 2015. At the conclusion of the sentencing hearing, the court entered judgments of conviction on all of the counts. It merged Stevenson's possession of a narcotic drug conviction into his dealing conviction and sentenced him to twelve (12) years executed for the dealing conviction. The court then enhanced this sentence by ten (10) years for Stevenson's habitual offender adjudication.

---

[4] The State later amended Count II to Class D felony possession of a narcotic drug.

Stevenson's aggregate sentence totaled twenty-two (22) years executed in the Department of Correction.

[8]     As a basis for this sentence, the trial court explained:

> Court finds in mitigation that defendant is a high school graduate, so that is a mitigator[] that the court is finding. Many people come before the court, defendants specifically, they do not have a diploma, so the court does find that that's a mitigator[]. That is the only mitigator the court finds in this case. In aggravation[,] the court finds the defendant's criminal history, and the criminal history that the court finds [a]s the aggravators, is the two prior misdemeanor convictions only. The court does not find the two prior felony convictions as aggravators, because they were used for the habitual offender enhancement, so the prior misdemeanor convictions are an aggravator. Another statutory aggravator the court is finding is the defendant's violation, recently of probation. The defendant had a prior Court 20 sentence, Community Corrections was imposed, he was then placed on probation, and his probation was revoked as a result of the new offense, and a new conviction. So, the court does find that as [an] aggravator. Also in aggravation, the court notes the nature and circumstances of this offense.

(Tr. 254-55). Stevenson now appeals.

# Decision

[9]     On appeal, Stevenson raises two arguments:  (1) that the trial court abused its discretion in sentencing him because it did not properly identify aggravating factors; and (2) the trial court erred because it merged his conviction for possession of a narcotic drug into his conviction for dealing in a narcotic drug

without vacating the formal judgment of conviction for the possession conviction. We will address each of these arguments in turn.

## 1. Sentencing

Stevenson's argument that the trial court abused its discretion when sentencing him has two components. First, he asserts that the trial court abused its discretion because it did not give a detailed explanation for why the nature and circumstances of his offense were aggravating. Second, he asserts that the trial court abused its discretion when it found that his probation violation was an aggravator because the violation was not "recent" like the trial court said in its oral sentencing statement. (Tr. 255).

Preliminarily, we note that sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Under Indiana's advisory sentencing scheme, "once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" *Id.* at 491 (quoting I.C. § 35-38-1-7.1(d) (stating that a court may impose any sentence authorized by statute "regardless of the presence or absence of aggravating or mitigating circumstances.")). As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* at 490. We will find an abuse of discretion where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and

actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a variety of ways, including: (1) failure to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[12] We need not address either of Stevenson's sentencing arguments because Stevenson does not challenge the trial court's finding that his criminal history was an aggravating factor. It is a well-established principle that a single aggravator is sufficient to support an enhanced sentence. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Therefore, regardless of our consideration of the trial court's other two aggravators, the trial court's identification of Stevenson's criminal history was sufficient to support his sentence. Moreover, it is not an abuse of discretion for a trial court to consider a remote probation violation as an aggravating factor. *See Smith v. State*, 889 N.E.2d 261, 264 (Ind. 2008). The proximity in time of the violation merely impacts the weight that the trial court should assign to it. *See id.* ("We assign aggravating weight in the low range to Smith's prior criminal history due to the lack of proximity in time between the prior offenses and the instant offenses."). We will not review the weight that the trial court assigned to the factor on appeal. *See Anglemyer*, 868 N.E.2d at 491.

## 2. Judgment of Conviction

Next, Stevenson argues, and the State concedes, that the trial court erred when it merged Stevenson's dealing and possession convictions without vacating the judgment of conviction for the possession conviction. We agree. A trial court's act of merging, without also vacating, convictions that violate double jeopardy prohibitions, is not sufficient to cure the double jeopardy violation. *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008). Accordingly, we remand this cause to the trial court with instructions for the trial court to issue a new sentencing order and abstract of judgment vacating Stevenson's conviction for Class D felony possession of a narcotic drug.

Affirmed in part, reversed in part, and remanded.

Kirsch, J., and Riley, J., concur.