## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2018, 9:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Glen E. Koch, II
Boren Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kelly J. Gibson, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 11, 2018

Court of Appeals Case No.
55A04-1709-CR-2145

Appeal from the Morgan Superior Court

The Honorable Peter R. Foley, Judge

Trial Court Cause No.
55D01-1210-FA-1509

**Barnes, Judge.**

# Case Summary

Kelly J. Gibson, Jr. appeals his forty-five year sentence for Class A felony kidnapping. We affirm.

# Issue

The issue before us is whether Gibson's forty-five year sentence for Class A felony kidnapping is inappropriate.

# Facts

During the morning of October 15, 2012, Gibson used heroin. Once Gibson consumed all the heroin he had, he eventually became ill, and decided he needed money to acquire more of the drug. Gibson walked to the Circle K in Camby and waited outside until Sabrena Bewley, the store manager, was getting in her car to leave. Gibson's wife had worked at the Circle K store in 2006, so Gibson knew when the manager made deposits at the bank. As Bewley was getting into her car, Gibson approached and forced her to the passenger side of her car. Gibson showed Bewley that he had a gun and demanded money. Bewley gave Gibson the cash she had to deposit, which was about $7,900. Gibson then took control of Bewley's car and drove her to Mooresville.

Once Gibson and Bewley reached Mooresville, Gibson forced Bewley out of the car at a set of railroad tracks and instructed her to walk north for ten minutes before making any calls. Bewley called 911 at approximately 1:45 p.m. After releasing Bewley, Gibson paid an acquaintance $300 so he could wait at

her house. Gibson called his wife, who came and picked him up. Gibson, his wife, and the acquaintance then drove to Indianapolis and used some of the money from the robbery to buy heroin. Gibson also bought a car, some clothes for his kids, and got items out of a pawn shop that he had pawned. Gibson had about $3,000 left when he was arrested on a warrant.

[5] On October 19, 2012, the State charged Gibson with Class A felony kidnapping, Class B felony armed robbery, Class B felony carjacking, Class B felony criminal confinement, Class C felony carrying a handgun without a license, and a habitual offender enhancement. On September 16, 2013, the parties filed a plea agreement with the Court. The plea agreement called for Gibson to plead guilty to the charge of Class A felony kidnapping, pay a fine of $1.00 plus Court costs of $168.00, and be sentenced to no less than thirty years up to a maximum of fifty years, all executed and none suspended. That same day, Gibson pled guilty to Class A felony kidnapping and was sentenced to forty-five years, all executed.

[6] When determining Gibson's sentence, the trial court considered the psychological harm inflicted on Bewley, the use of a firearm, Gibson's juvenile record that includes three offenses involving firearms, his violations of probation as a juvenile, his adult criminal history, his violations of conditional release, and the fact that he was on home detention at the time of this crime. The trial court concluded that Gibson was given six opportunities between being a juvenile and an adult "[a]nd he blew it all off." Tr. p. 39. The trial

court found that Gibson's criminal history outweighed any mitigating weight that his drug addiction might afford him. Gibson now appeals his sentence.

## Analysis

[7] Gibson's argument is that his forty-five year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[8] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences

imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[9] The sentencing range for a Class A felony is between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4(a). Regarding the nature of Gibson's offense, we conclude that his crime was egregious. While coming off a heroin high, Gibson waited around a Circle K until the store manager was leaving to make a bank deposit. Gibson opened the manager's car door, forced her into the passenger seat of her car, brandished a gun, and demanded the cash the manager had to deposit, which was about $7,900. Gibson then took control of the manager's car, and drove her to Mooresville where he forced her out of the car at a set of railroad tracks and instructed her to walk north for ten minutes before making any calls. Gibson then used the money to purchase an automobile, some clothing for his children, and more heroin. The manager was an innocent party who was robbed, carjacked, kidnapped, and confined at gun point. Gibson committed this offense to fuel his drug habit.

[10] Gibson's character also amply justifies his sentence. Gibson has an extensive criminal history. Sentencing courts may consider the fact that "[t]he person has a history of criminal or delinquent activity" as either an aggravating circumstance or as favoring consecutive sentences. I.C. § 35-38-1-7.1(b)(2). The significance of a defendant's criminal history in determining whether to impose a sentence enhancement will vary "based on the gravity, nature and

number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008).

[11] As a juvenile, Gibson was charged with six misdemeanors, three of which involved a gun, and six felonies, three of which also involved a gun. Gibson's juvenile charges include attempted armed robbery, burglary, theft, carrying a handgun without a license (twice), dangerous possession of a firearm, criminal recklessness with a deadly weapon, possession of a handgun and a firearm on school property, operating a motor vehicle without ever receiving a license, visiting a common nuisance, and possession of marijuana. Eleven out of twelve of Gibson's juvenile charges resulted in delinquency adjudication. Gibson also had three probation violations as a juvenile. As an adult, Gibson has been charged with fourteen felonies, three of which involved a gun. Gibson's adult charges include dealing in cocaine and marijuana, possession of cocaine and marijuana, burglary, theft, receiving stolen property (twice), fraud, kidnapping, armed robbery, carjacking, criminal confinement while armed with a deadly weapon, carrying a handgun without a license, and habitual offender. Five out of fourteen of Gibson's adult charges resulted in conviction. As an adult, Gibson also has had two probation violations, one work release violation, and one home detention violation, which was when the current offenses were committed. During his lifetime, Gibson has been charged with twenty felonies, ten of which resulted in conviction. Gibson has been given seven different probation opportunities and has violated them every time. We agree with the

trial court's finding that Gibson's criminal history outweighs any mitigating weight that his drug addiction might afford him.

[12] Given the nature of Gibson's offense and his poor character, in particular his extensive criminal history, we conclude that the forty-five year sentence is not inappropriate.

## Conclusion

[13] Gibson's forty-five year sentence is not inappropriate. We affirm.

[14] Affirmed.

Najam, J., and Mathias, J., concur.