## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 30 2018, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

J. Clayton Miller
Jordan Law, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vernon Thacker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 30, 2018

Court of Appeals Case No.
18A-CR-709

Appeal from the Wayne Superior Court

The Honorable Darrin M. Dolehanty, Judge

Trial Court Cause No.
89D03-1411-F5-99

**Pyle, Judge.**

# Statement of the Case

Vernon Thacker ("Thacker") appeals his sentence imposed following his guilty plea to Level 5 felony operating a vehicle while privileges were forfeited for life.[1]  Thacker argues that his sentence is inappropriate in light of the nature of the offense and his character.  Concluding Thacker's sentence is not inappropriate, we affirm his sentence.

We affirm.

# Issue

Whether Thacker's sentence is inappropriate.

# Facts

On November 10, 2014, Thacker, whose driver's license had been forfeited for life since 2004, drove a car in Wayne County, Indiana.  After police stopped Thacker, they discovered that he was an habitual traffic violator and arrested him.  The State charged Thacker with Level 5 felony operating a motor vehicle after lifetime suspension as an habitual traffic violator ("Wayne County offense").

On January 5, 2015, Thacker failed to appear at a pretrial hearing.  A bench warrant was issued for Thacker's arrest.  While the warrant was still pending

---

[1] IND. CODE § 9-30-10-17.

execution, Thacker was arrested in Franklin County in February 2015. He was charged with and convicted of Level 5 felony operating a motor vehicle after lifetime suspension as an habitual traffic violator ("Franklin County offense"). He was sentenced to six (6) years in prison, with three (3) years suspended to probation.

[5] In January 2018, after serving his sentence for his Franklin County offense, Thacker pled guilty to the Wayne County offense. A sentencing hearing was held in February 2018. The presentence investigation report ("PSI") compiled by the probation department revealed that Thacker had an extensive history of driving-related convictions and one battery conviction in 1995. Regarding his driving history, Thacker had multiple convictions relating to: (1) driving while having a suspended license (e.g., driving while suspended five times from 2001 to 2003); (2) driving as an habitual traffic violator (e.g., operating a vehicle as an habitual traffic violator in 2004); (3) driving after a lifetime suspension (e.g., operating a vehicle after a lifetime suspension in 2007, 2012, and 2015).

[6] When sentencing Thacker, the trial court discussed mitigating and aggravating circumstances as it imposed an enhanced sentence. The mitigating circumstances that the trial court considered included: (1) Thacker's cooperation at the time of his arrest; (2) his work history; (3) family support; (4) the fact that no one was hurt as a direct result of this crime; (5) his lack of intoxication when arrested; (6) the reason for the driving was apparently done to help his ill mother get to a doctor's office; and (7) his acceptance of guilt through his guilty plea. When reviewing the aggravating circumstances, the

trial court discussed Thacker's criminal history and driving record, including most notably the fact that Thacker's current conviction for operating a motor vehicle after lifetime suspension as an habitual violator was the fourth conviction for the same crime. The trial court also recounted the fact that Thacker failed to appear for a hearing in this case, then committed the same offense in a different county, and in so doing, violated his parole.

[7] The trial court imposed a sentence of four (4) years and four (4) months and ordered it to be served at the Department of Correction. Thacker now appeals.

## Decision

[8] Thacker argues that his aggregate four (4) years and four (4) months sentence for his Level 5 felony operating a motor vehicle after lifetime suspension as an habitual traffic violator was inappropriate. Specifically, Thacker argues that the offense did not place any person or property at risk, and that he committed the offense to help his ailing mother. In reviewing Thanker's sentence, this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*. "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct

sentence." *Id*. at 1292 (internal quotation marks, internal bracket, and citations omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (*quoting Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). Here, Thacker pled guilty to Level 5 felony operating a vehicle while privileges were forfeited for life. The sentencing range for a Level 5 felony is imprisonment "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). The trial court sentenced Thacker to four (4) years and four (4) months of incarceration in the Department of Correction.

[10] The nature of Thacker's offense involved him driving after his driving privileges had been forfeited for life in 2004 and again in 2007. We note that Thacker tries to minimize the nature of his offense by arguing that he "engaged in an amoral action (operating a motor vehicle) with a virtuous intent (helping his ailing mother)." (Thacker's Br. 7). While helping family members is laudable, Thacker does not have the option of driving. The nature of Thacker's offense is

made serious because it reveals a pattern of disregarding traffic laws, and that disregard has resulted in a determination that he must be kept from driving because his failure to follow traffic regulations potentially puts other drivers and/or pedestrians at risk. Demonstrating his disregard for Indiana's traffic laws, Thacker admitted during his sentencing hearing that he intentionally volunteered to drive his mother to a doctor's appointment while knowing that he did not possess a valid driver's license. Additionally, this offense is more serious since it is his fourth conviction for the same offense.

[11] When considering the character-of-the-offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offense as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted).

[12] Thacker has a lengthy history of criminal convictions for driving related behavior that spans nearly twenty years. His BMV record is abysmal and includes three indefinite suspensions as well as another habitual traffic violator suspension that is set to expire in 2022. As pointed out by the trial court during sentencing, "[t]he Defendant has shown an ongoing and consistent pattern of disregarding court-ordered restrictions on his behavior." (App. Vol. 2 at 38). Thacker's convictions for operating a vehicle when he was not legally permitted to do so consists of five misdemeanor convictions for driving while suspended, one felony conviction for operating as a habitual traffic violator, and the instant

case makes four felony convictions for operating a vehicle after lifetime suspension.

[13]     Thacker has not persuaded us that the nature of the offense and his character make his sentence inappropriate.  Therefore, we affirm the sentence imposed by the trial court.

[14]     Affirmed.

Najam, J., and Crone, J., concur.