## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2019, 6:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Angela Sanchez
Lyubov Gore
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lewis Klayton Kratzer,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 29, 2019

Court of Appeals Case No.
18A-CR-1885

Appeal from the Parke Circuit Court

The Honorable Sam A. Swaim, Judge

Trial Court Cause No.
61C01-1601-F3-11

**Pyle, Judge.**

# Statement of the Case

[1] Following a remand for sentencing, Lewis Kratzer ("Kratzer") appeals the fifteen-year aggregate sentence imposed after being convicted of Level 5 felony attempted robbery[1] and Level 4 felony unlawful possession of a firearm by a serious violent felon.[2] He argues that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that the sentence is not inappropriate, we affirm Kratzer's sentence.

[2] We affirm.

# Issue

Whether Kratzer's sentence is inappropriate.

# Facts

[3] The facts underlying Kratzer's convictions were stated by this Court in his first direct appeal as follows:

> On January 12, 2016, a man later identified as Kratzer entered the Montezuma Quick Stop in Parke County, pointed a handgun at the clerk, and demanded money. When the clerk called out to her supervisor, Kratzer left the store.
>
> Later that night, Terre Haute police officers were dispatched to investigate a report of a suspicious vehicle at the Red Roof Inn. As the officers approached the vehicle, the driver disregarded commands to stop and drove off. Eventually, the vehicle stopped and the driver and passenger both fled on foot. They were

---

[1] IND. CODE § 35-42-5-1.

[2] I.C. § 35-47-4-5.

apprehended and arrested. Kratzer, the passenger, was wearing clothing like that worn by the would-be robber of the Montezuma Quick Stop. Inside the vehicle, there was a handgun.

*Kratzer v. State*, No. 61A01-1707-CR-1680 (Ind. Ct. App. Feb. 27, 2018).

[4] Kratzer was originally convicted of Level 3 felony attempted robbery. On direct appeal, this Court reduced the Level 3 felony conviction to a Level 5 felony conviction on double jeopardy grounds and remanded for sentencing. On remand, the trial court reduced Kratzer's attempted robbery conviction to a Level 5 felony and sentenced him to five (5) years. The trial court also increased Kratzer's Level 4 felony sentence to ten (10) years, an increase of two years. The trial court ordered the sentences to be served consecutively, for an aggregate sentence of fifteen (15) years. Kratzer now appeals.

## Decision

[5] Kratzer argues that his aggregate sentence of fifteen years is inappropriate in light of the nature of the offenses and his character. This Court may revise a sentence if it is inappropriate in light of the nature of the offenses and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*. "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct

sentence." *Id*. at 1292 (internal quotation marks, internal bracket, and citation omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.4d 1174, 1181 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). Here, Kratzer was convicted of one Level 5 felony and one Level 4 felony. The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). The sentencing range for a Level 4 felony is "for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." I.C. § 35-50-2-5.5. The trial court sentenced Kratzer to five (5) years for his Level 5 felony conviction and ten (10) years for his Level 4 felony conviction. As noted above, the trial court ordered the sentences to run consecutively, resulting in an aggregate sentence of fifteen (15) years.

[7] As to the nature of Kratzer's offenses, he attempted to rob a convenience store by pointing a firearm at the store clerk. Kratzer, who was a convicted felon, was not allowed to possess a firearm. Not only did he possess a firearm, but he

used it during the commission of another crime by pointing it at the store clerk and demanding money. The fact that Kratzer "fled the store with nothing[]" does not lessen the seriousness of his attempted robbery. (Kratzer's Br. 9).

[8] When considering the character-of-the-offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted).

[9] Regarding Kratzer's character, the trial court noted that he "has four prior adult felony convictions[.]" (Tr. 12). Kratzer's disregard for the property rights of others has increased in seriousness and is part of a pattern of ignoring the criminal laws of Indiana, which reflects negatively on his character. Additionally, the fact that Kratzer was on probation for burglary when he attempted the armed robbery of the convenience store demonstrates his choice to repeatedly engage in criminal conduct. Kratzer has not persuaded us that the nature of the offenses and his character make his sentence inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[10] Affirmed.

Najam, J., and Altice, J., concur.