## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 24 2019, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bruce L. Thomas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 24, 2019

Court of Appeals Case No.
18A-CR-2774

Appeal from the Switzerland Circuit Court

The Honorable W. Gregory Coy, Judge

Trial Court Cause No.
78C01-1804-F4-164

**Pyle, Judge.**

# Statement of the Case

[1] Bruce Thomas ("Thomas") appeals the sentence imposed after he pled guilty to Level 5 felony dealing in methamphetamine[1] and to being an habitual offender.[2] Thomas argues that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that Thomas' sentence is not inappropriate, we affirm his sentence.

[2] We affirm.

# Issue

Whether Thomas' sentence is inappropriate.

# Facts

[3] On April 24, 2018, the Switzerland County Sheriff's Office received a complaint from a woman accusing Thomas of selling methamphetamine to her husband. Law enforcement questioned the husband, and he informed them that he had seen Thomas with a "bunch" of methamphetamine at his apartment that day. (App. Vol. 2 at 26).

---

[1] IND. CODE § 35-48-4-1.1.

[2] I.C. § 35-50-2-8.

[4]     Based on this information, law enforcement officials obtained a search warrant for Thomas' apartment and executed it the following day. In executing the search warrant, law enforcement discovered methamphetamine "packaged in plastic in a manner to be sold." (App. Vol. 2 at 29). They also found pills, marijuana, syringes, digital scales, glass smoking pipes, and a handgun and ammunition in Thomas' apartment. Thomas admitted that he had possessed and sold methamphetamine out of his apartment on "multiple occasions." (App. Vol. 2 at 29).

[5]     The State charged Thomas with two counts of Level 4 felony dealing in methamphetamine, Level 5 felony possession of methamphetamine, two counts of Level 6 felony possession of a controlled substance, Level 6 felony unlawful possession of a syringe, Level 6 felony maintaining a common nuisance, Level 6 felony theft, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. The State also alleged that Thomas was an habitual offender.

[6]     Thomas entered into an open plea agreement with the State wherein nine of the ten counts were dropped in exchange for Thomas' admission to Level 5 felony dealing in methamphetamine and the habitual offender allegation. The agreement left sentencing to the trial court's discretion with a maximum term of ten (10) years, and the State agreed not to contest a sentence modification after Thomas served half of his sentence.

[7] At the sentencing hearing, the trial court found both mitigating and aggravating factors present. The trial court identified the following mitigating factors: (1) Thomas' guilty plea saved the expense of a jury trial; (2) the undue hardship that imprisonment would yield to him or his family; (3) he was a victim of a violent crime, which led him to battle depression and turn to using methamphetamine; (4) his completion of an eight-week substance abuse course while in jail; (5) his remorse; (6) his attitude indicated that he is less likely to commit another crime in the future; and (7) his good behavior while incarcerated in jail. The trial court identified the following aggravating factors: (1) Thomas' prior criminal history of five misdemeanor convictions and two felony convictions; (2) all of his convictions involved alcohol and/or drugs; (3) he has been placed on probation seven times and had his probation revoked at least once. The trial court then found that the aggravating factors outweighed the mitigating factors and that Thomas was not likely to respond affirmatively to probation. The trial court sentenced Thomas to six (6) years for the Level 5 felony conviction and enhanced that sentence by four (4) years for his habitual offender adjudication, for a total executed term of ten (10) years in the Department of Correction. Thomas now appeals.

## Decision

[8] Thomas argues that his sentence of ten years is inappropriate in light of the nature of the offense and his character. This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a

discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*. "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id*. at 1292 (internal quotation marks, internal bracket, and citation omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). Here, Thomas was convicted of a Level 5 felony and found to be an habitual offender. The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). IND. CODE § 35-50-2-8 states in relevant part that, where a person has been convicted of a Level 5 felony and found to be an habitual offender, the court shall sentence him to an additional

fixed term that is between two (2) and six (6) years. I.C. § 35-50-2-8(i)(2). The trial court sentenced Thomas to six (6) years for the Level 5 conviction and an additional four (4) years for the habitual offender enhancement, for a total sentence of ten (10) years.

[10] Thomas argues that the nature of the offense does not support his ten-year sentence. Specifically, he argues that his offense "tips towards the less serious side of the spectrum." (Thomas' Br. 10). We disagree. The nature of Thomas' offense involves him not only possessing, but also dealing methamphetamine "multiple times" out of his apartment. (App. Vol. 2 at 29). As the trial court noted, "any time a drug is dealt, there is a potential for harm to another human being." (Tr. 17). Law enforcement also discovered a substantial quantity of other drugs and paraphernalia in his apartment. Additionally, this offense is more serious since it is his second conviction for dealing drugs.

[11] When considering the character-of-the-offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted).

[12] Thomas has a significant history of criminal convictions for alcohol and drug related offenses. This history includes seven prior convictions, made up of five misdemeanors and two felonies. One of his felony convictions was for dealing

a controlled substance and the other was for maintaining a common nuisance. Thomas has been placed on probation seven times and had his probation revoked once. While we recognize that he has taken advantage of rehabilitative opportunities in the instant case, his continued drug related behavior is indicative of a failure to do so in the past and reflects poorly on his character. *See*, *e.g.*, *Phelps v. State*, 969 N.E.2d 1009, 1021 (Ind. Ct. App. 2012) (stating that the defendant's refusal to take advantage of rehabilitative efforts offered to him reflected poorly on his character), *trans. denied*.

[13] Thomas has not persuaded us that the nature of the offense and his character make his sentence inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[14] Affirmed.

Riley, J., and Bailey, J., concur.