## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2018, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard Hammond Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Sneed,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 31, 2018

Court of Appeals Case No.
02A03-1712-CR-2966

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1707-F6-871

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Thomas Sneed (Sneed), appeals the trial court's sentence after pleading guilty to theft, a Level 6 felony, Ind. Code § 35-43-4-2(a), without the benefit of a plea agreement.

We affirm.

# ISSUES

Sneed presents this court with two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion in sentencing him; and

(2) Whether the trial court's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On July 26, 2017, Sneed, who was intoxicated, entered Meijer at Fort Wayne, Indiana, and stole four bottles of Hennessey alcoholic beverages. A loss prevention officer observed Sneed conceal the bottles and pass all points of sale without paying. The loss prevention officer continued to pursue Sneed into the parking lot where, upon becoming aware he was being followed, Sneed destroyed the four bottles, with a total value of $116.96.

On July 31, 2017, the State filed an Information, charging Sneed with Level 6 felony theft. On October 26, 2017, Sneed pled guilty as charged without the benefit of a plea agreement. On December 7, 2017, during a sentencing

hearing, the trial court sentenced Sneed to two-and-one-half years, with one-and-one half years executed and the remaining year suspended to probation. As part of Sneed's executed portion of his sentence, the trial court ordered him placed directly into the Purposeful Incarceration program.

[6] Sneed now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Mitigating Circumstances*

[7] First, Sneed contends that the trial court abused its discretion in sentencing him because it failed to identify certain mitigating factors that were both significant and clearly supported by the record. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007*), clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. We can review the presence or absence of reasons justifying a sentence for an abuse of discretion, but we cannot review the relative weight given to these reasons. *Id*. at 491. One way in which a court may abuse its discretion is by entering a sentencing statement that omits mitigating circumstances that are clearly supported by the record and advanced for consideration. *Id*. at 490-91. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind.

2000). Likewise, the court need not consider alleged mitigating factors that are highly disputable in nature, weight, or significance. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied*.

[8] In imposing Sneed's sentence, the trial court found the guilty plea as a mitigating factor but assigned it little weight and found four aggravating factors: (1) Sneed's criminal history; (2) prior attempts at rehabilitation have failed; (3) Sneed is a multi-state offender; and (4) Sneed was on parole when he committed the present offense. Sneed now claims that the trial court failed to identify as mitigating circumstances : (1) his acceptance of responsibility, or guilty plea; and (2) his history of substance abuse.

[9] Turning to the record before us, we note that the trial court in sentencing Sneed took "into account that he did plead guilty although he was kind of caught red handed[.]" (Transcript p. 21). Accordingly, although Sneed may not like the weight accorded to this mitigator, the trial court did consider and acknowledge his guilty plea. *See Anglemyer*, 868 N.E.at 490-91 (a trial court cannot abuse its discretion in the weight that it gives to proffered factors, which is not subject to appellate review).

[10] Similarly, the trial court did not abuse its discretion in failing to find Sneed's substance abuse as a mitigating factor. A trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Newsome*, 797 N.E.2d at 301. Indeed, a sentencing court is under no obligation to find mitigating factors at all. *Echols v. State*. 722 N.E.2d 805, 808 (Ind. 2000). Despite Sneed's

admission at the sentencing hearing that he has been battling drugs and alcohol since he was sixteen years old—while he was over fifty years old at the time of sentencing—he testified that he is just now coming "to terms that I have an issue, that I have a problem, and I need help[.] [] I do good while I'm on parole, and then all of a sudden I go back on a binge, and I'm back in the same – the same toilet." (Tr. pp. 17, 18). In fact, trial courts have found an aggravating factor—rather than a mitigating factor—where defendants have been aware of their substance abuse and failed to take any steps to treat the addiction. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. However, while the trial court declined to find Sneed's substance abuse a mitigating circumstance, it did acknowledge his need for treatment by ordering him placed in the Purposeful Incarceration program. Therefore, we cannot conclude that the trial court abused its discretion in sentencing Sneed.

## II. *Appropriateness of Sentence*

[11] Next, Sneed contends that the sentence imposed is inappropriate. This court has the authority to revise a sentence authorized by statute if, "after due consideration of the trial court's decision," the court finds that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." *See* Ind. Appellate Rule 7(B). "The 7(B) appropriateness inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). "On appeal, though, we conduct that review with substantial deference and give due consideration to

the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id.* at 1292 (internal quotation marks omitted). Accordingly, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks omitted). The defendant has the burden of persuading us that his sentence is inappropriate. *King*, 894 N.E.2d at 267.

[12] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (*quoting Anglemyer*, 868 N.E.2d at 494). The advisory sentence of a Level 6 felony is imprisonment "for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). Here, the trial court imposed a sentence of two-and-one-half years, with one-and-one half years executed and the remaining year suspended to probation. Reminding us that he is "certainly not the most culpable offender," Sneed requests this court to revise his sentence to the advisory term. (Appellant's Br. p. 17). However, we note that at the time of committing the theft, Sneed was intoxicated. After stealing more alcoholic beverages from Meijer and leaving the store, he destroyed the bottles, rather than returning them, when he noticed he was being followed by a loss prevention officer. Even though the trial court recognized that there are "worse crimes out there," we cannot find anything

about the nature of his offence which renders his sentence inappropriate. (Tr. p. 21).

[13] While there is nothing particularly egregious about the nature of the offense, Sneed's character alone renders his sentence appropriate. When considering the character of the offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offense as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008).

[14] Sneed's criminal career is very extensive and spans 32 years. His criminal history includes one felony juvenile adjudication for burglary, 37 adult misdemeanor convictions, and 14 prior adult felony convictions. He has committed crimes as serious as Class C felony child molesting and as prolifically as resisting law enforcement 11 times. He has repeatedly committed similar crimes, including burglary as a juvenile, five convictions for felony theft, two convictions for felony receiving stolen property, and six convictions for conversion. Likewise, he was on parole for felony theft at the time he committed this crime. In addition, Sneed has had his parole revoked twice, probation revoked five times, suspended sentences revoked three times, and his sentence modified three times. As noted by the State during sentencing, "52 prior attempts have failed over 32 years, and [] it appears that he left California with a pending warrant." (Tr. p. 20).

Furthermore, Sneed's documented and acknowledged history of alcohol abuse, as well as his failure to address this problem prior to the sentencing hearing, does not speak well of his character. Nevertheless, the trial court took his addiction history, and his expressed willingness to currently address the problem, into account by placing him in the Purposeful Incarceration program, in an effort to maintain sobriety.

In sum, Sneed has failed to persuade us that his sentence is inappropriate. His lengthy and significant criminal history, his inability to comply with community sentences, and his failure to take advantage of treatment for his substance abuse issues prior to this cause's sentencing hearing support the trial court's sentencing decision.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly sentenced Sneed to a sentence that is not inappropriate in light of his character and the nature of his offense.

Affirmed.

May, J. and Mathias, J. concur