Steven **REYES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0810–CR–606.

Court of Appeals of Indiana.

July 24, 2009.

Hilary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Steven Reyes appeals the imposition of an 110–year aggregate sentence after he pled guilty to child molestation (sexual intercourse with the nine-year-old victim), a Class A felony; to child molestation (contact of the Reyes' sex organ with the mouth of the twelve-year-old victim), a Class A felony; and to child molestation (contact of Reyes' hand or fingers with the eleven-year-old victim's anus), a Class A felony. We affirm, reverse, and remand in part.

Reyes raises a single issue for our review, which has two parts:

I.  Whether the trial court abused its discretion by considering an improper aggravator.

II. Whether the trial court's sentence is inappropriate and in violation of the Indiana Constitution.

Reyes was charged by information with fifty counts of various sexual offenses involving the victim, and he pled guilty to the three counts described above. At the guilty plea hearing, Reyes acknowledged that he took pictures of the nude victim engaging in various acts and kept them in a scrapbook and on his computer. He further acknowledged that he showed the pictures to the victim.

At the sentencing hearing, the State introduced the pictures of the nude victim and the various acts of molestation. Reyes' counsel objected on the basis that the pictures were cumulative of his testimony at the guilty plea hearing. The trial court allowed the admission of some of the pictures. After hearing the evidence, Reyes' allocution, and the parties' arguments, the trial court found the following mitgators: (1) Reyes took responsibility for the acts; (2) Reyes had a limited criminal history with no child molesting arrests or convictions; and (3) Reyes showed remorse about his molestations of the victim. As aggravators, the trial court found: (1) the abuse occurred over a number of years; (2) as the father of the victim, Reyes violated a position of trust; (3) pictures of the nude victim and the acts were taken and memorialized in a scrapbook that was shown to the victim; and (4) the abuse began when the victim was only nine years old. The trial court determined that the aggravators far outweighed the mitigators and ordered Reyes to serve an enhanced sentence of fifty years on the sexual intercourse count. The trial court also ordered Reyes to serve the advisory thirty-year sentence on each of the other counts, with all counts to be served consecutively.[1] Reyes now appeals.

### I.

When evaluating sentencing challenges under the advisory sentencing scheme, we first confirm that the trial

---

1. Under the current sentencing statutes, the advisory sentence for a Class A felony is thirty years, with a range of twenty to fifty years. Ind.Code § 35–50–2–4.

court issued the required sentencing statement, which includes a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). If the recitation includes a finding of mitigating or aggravating circumstances, the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.*

■■■ So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. *Id.* Another example includes entering a sentencing statement that explains reasons for imposing a sentence, including mitigating and aggravating circumstances, which are not supported by the record. *Id.* at 490–91. A court may also abuse its discretion by citing reasons that are contrary to law. *Id.* at 491.

Reyes contends that the trial court abused its discretion "in considering factors that were included in the charges that were dismissed as aggravating circumstances." (Appellant's Brief at 6). Specifically, Reyes argues that it was improper for the trial court to consider any offenses dismissed as part of the guilty plea, including the counts pertaining to possession of pictures of the nude victim and various acts of molestation. He also argues that it was improper for the trial court to count the victim's age as an aggravator.

Reyes cites *Roney v. State*, 872 N.E.2d 192, 201 (Ind.Ct.App.2007), *trans. denied,* for the proposition that when a trial court accepts a plea agreement under which the State agrees to drop or not file charges, "and then uses facts that give rise to those charges to enhance a sentence, it in effect circumvents the plea agreement." *See also Farmer v. State*, 772 N.E.2d 1025, 1027 (Ind.Ct.App.2002) (holding that if a defendant is sentenced more harshly based upon facts comprising the dismissed charges, the defendant does not receive the full benefit of the plea agreement) and *Carlson v. State*, 716 N.E.2d 469, 473 (Ind. Ct.App.1999) (holding that where the defendant pled guilty to a Class B felony, and the State dropped the Class A felony charge, "[t]he trial court could not circumvent the plea agreement by sentencing defendant using the distinguishing element as an aggravator").

■■ We note that at the sentencing hearing, the State offered the scrapbook and certain digital photographs as evidence of Reyes' character. Reyes, noting his testimony pertaining to these materials at the guilty plea hearing, objected that the scrapbook and digital photographs offered at the sentencing hearing were cumulative of the guilty plea testimony. This objection was partially sustained. Reyes did not, however, object on the basis now raised on appeal, and the objection is therefore waived. *See Mitchell v. State*, 730 N.E.2d 197, 201 (Ind.Ct.App.2000), *trans. denied* (holding that "[w]hen a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule upon it at the appropriate time, he is deemed to have waived that possible error").

■■ Even had this objection been made below, Reyes would not prevail. In describing aggravators, the trial court referred to the scrapbook, not the digitized pictures contained in computer files and on digital compact disks. It was not the scrapbook, but these digitized pictures, that were the subject of the various dis-

missed counts. There is no abuse of discretion here.[2]

■ With regard to the trial court's reference to the victim's age as an aggravator, we note that Reyes correctly notes that the victim's age is an element of child molesting, and a trial court may consider age as an aggravator only if the youth of the victim is extreme. Reyes claims that the victim's "ages in this case were not so tender and far below the upper limit of fourteen (14) that the Court's citing of her age as an aggravating factor was [proper]." (Appellant's Brief at 7). In support of this argument, Reyes cites to cases where the victims' ages were from two to seven.

Although the trial judge could have been more specific in tying the victim's age to the particular nature and circumstances of the offenses, she did refer to the victim's age in conjunction with molestation that occurred over a period of years. We cannot agree with Reyes that the trial court abused its discretion in concluding that the molestation of a nine year old is extreme. The violation, over a period of years, of a pre-pubescent child who is living in an understandably naive innocence that an older child might not experience is a valid aggravator, and the trial court did not abuse its discretion in so determining.

## II.

■ Reyes contends that his 110-year sentence is inappropriate. A sentence authorized by statute will not be revised unless the sentence is inappropriate in light of the nature of the offense(s) and the character of the offender. Indiana Appellate Rule 7(B). We must refrain from merely substituting our opinion for that of the trial court. *Sallee v. State*, 777 N.E.2d 1204, 1216 (Ind.Ct.App.2002),

*trans. denied.* In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Roney*, 872 N.E.2d at 206. The "nature of the offense(s)" portion of the appropriateness review concerns the advisory sentence for the class of crimes to which the offense belongs; therefore, the advisory sentences are the starting points in the appellate court's sentence review. *Anglemyer*, 868 N.E.2d at 491. The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. *Williams v. State*, 840 N.E.2d 433, 439–40 (Ind.Ct.App.2006).

Reyes cites *Smith v. State*, 889 N.E.2d 261 (Ind.2008) and related cases in support of his contention. In *Smith*, our supreme court noted that the defendant had committed a "heinous violation of trust" when he committed multiple acts of molestation with his stepdaughter, in the form of sexual intercourse, over a period of four years. *Id.* at 264. The supreme court assigned "aggravating weight in the low range" to Smith's criminal history and "mitigating weight in the low range" to Smith's poor mental health. *Id.* The trial court had ordered Smith to serve an aggregate sentence of 120 years, consisting of four consecutive thirty-year sentences. *Id.* at 263. Although citing the violation of trust, the multiple molestations, and Smith's infliction of psychological abuse (showing anger and threatening to commit suicide if the victim did not comply), our supreme court determined that the sentence imposed by the trial court was inappropriate. *Id.* Stating that its sentence was consistent with its "general approach to such matters," the court imposed a total executed

---

**2.** We note that Reyes does not specify, in a manner that facilitates review, other allegedly improper factors cited by the trial court.

sentence of sixty years (consecutive standard thirty-year terms on two counts, with remaining terms concurrent). *Id.*

With regard to the nature of the offenses, we note that the molestations in the current case, like in *Smith*, occurred over a period of years and were committed by a person in a position of trust. However, in the current case, unlike *Smith*, the victim was forced to commit or submit to various forms of molestation. Furthermore, the psychological abuse took the perverse form of Reyes making the victim look at graphic pictures of her nude body, her genitalia, and the molestations.

With regard to Reyes' character, we note that he exhibited some of the same reprehensible character as all child molesters, including Smith. He also exhibited the perverse psychological characteristic of adding to the victim's humiliation by photographing her nude body, genitalia, and the acts of molestation for inclusion in a scrapbook that he kept "just for me." (Appellant's App. at 24). However, as found by the trial court, he also fully admitted his actions and showed sincere remorse.

Using *Smith* and related cases as our guide, we determine that imposition of the enhanced fifty-year sentence for child molestation by sexual intercourse and the imposition of consecutive sentences are inappropriate in light of the nature of the offenses and the character of the offender. Therefore, we determine that the thirty-year sentence for molestation by sexual intercourse is appropriate. However, based upon Reyes' particular psychological abuse of the victim, we do not consider the imposition of consecutive sentences to be inappropriate. Accordingly, we reverse and remand for the imposition of an aggregate sentence of ninety years.

Affirmed in part. Reversed and remanded in part.

KIRSCH, J., and BAILEY, J., concur.