**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 22 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Leonard, Hammond, Thomas & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALLAN LEE CALLIGAN, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1203-CR-143 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1108-FB-187

**October 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Allan Calligan, Jr., was convicted of unlawful possession of a firearm by a serious violent felon, a Class B felony, and found to be an habitual offender. Calligan raises two issues for our review: 1) whether the trial court abused its discretion in sentencing him, and 2) whether his sentence is inappropriate in light of the nature of his offense and his character. Concluding the trial court did not abuse its discretion and Calligan's sentence is not inappropriate, we affirm.

## Facts and Procedural History

Immediately after Officer Eric Thompson initiated a traffic stop and the vehicle he stopped pulled over to the side of the road, Calligan exited the passenger side of the vehicle, Officer Thompson ordered him back into the vehicle, and Calligan took off on foot. While chasing Calligan, Officer Thompson heard a thud and a metallic clink, and as he rounded a corner he observed Calligan getting up off the ground and holding a gun. Officer Thompson lost track of Calligan and called for backup. Approximately fifteen to twenty feet from where Officer Thompson last saw Calligan, police discovered a semiautomatic handgun lying on the ground. Calligan was eventually found nearby in a trash dumpster.

A jury found Calligan guilty of Class B felony unlawful possession of a firearm by a serious violent felon, and he was determined to be an habitual offender. The trial court entered a judgment of conviction. At sentencing, Calligan argued the following mitigating circumstances: he supports his family and incarceration would cause hardship on his dependents, he has a stable support system consisting of family and friends, and he

2

has a substance abuse problem.  The State argued Calligan's juvenile and adult criminal history and inability to benefit from rehabilitative opportunities were aggravating factors.

The trial court determined Calligan's proffered mitigating circumstances were not significant, but his criminal history and failed attempts at rehabilitation were significant aggravating circumstances.  The trial court sentenced Calligan to twenty years in prison for his unlawful possession of a firearm by a serious violent felon conviction,[1] and it enhanced the sentence by thirty years due to Calligan's being an habitual offender.[2]  In total, Calligan was sentenced to fifty years in prison.  Calligan now appeals.  Additional facts will be supplied as necessary.

Discussion and Decision

I.  Abuse of Discretion

As long as a trial court's sentence is within the statutory range, we review it only for abuse of discretion.  Reyes v. State, 909 N.E.2d 1124, 1127 (Ind. Ct. App. 2009) (citing Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007)).  Abuse of discretion occurs when the sentence is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.  Id.  A trial court may abuse its discretion by failing to enter a sentencing statement, entering a sentencing statement explaining the rationale for a sentence that is not supported by the record, or by citing reasons that are contrary to law.  Id.  The trial court's identification of mitigating and

---

[1] "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5.

[2] "The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense.  However, the additional sentence may not exceed thirty (30) years." Ind. Code § 35-50-2-8(h).

3

aggravating circumstances are reviewed for abuse of discretion. Hackett v. State, 716 N.E.2d 1273, 1277 (Ind. 1999). We review both written and oral sentencing statements in reviewing the trial court's determination. McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007). However, we do not review how a trial court decides to weigh a mitigating or aggravating circumstance. Anglemyer, 868 N.E.2d at 491.

Calligan argues the trial court abused its discretion by failing to identify or accept mitigating factors that were significant and supported by the record. We disagree. At sentencing, the trial court stated:

> Your attorney has asked that I consider as mitigating circumstances the letters from your Aunt's [sic] and the support system that you have in place. I'd note that those supports have been in place since you have been a child and yet you have accumulated an astonishing criminal history. He's asked that I consider the fact that you've got five (5) minor dependent children and that a lengthy period of incarceration would impose an undue hardship for those minor children. You've been court ordered to pay support for a couple of the children and not court ordered in a couple of the others. According to the [Pre-Sentence Investigation Report] you've only been employed from February of 2007 till August of 2008 and denied any income in 2011. You've got five thousand dollars in child support arrearages and over a thousand dollars in cell phones with no assets. . . . I note that you don't support those children with the arrearages that you've accumulated and the lack of income. Your attorney has asked that I consider as well your history of substance abuse. I find nothing in your substance abuse that would link it to the charge that you have been convicted of.

Sentencing Transcript at 10-11. Each mitigating circumstance Calligan points to on appeal was identified by the trial court, but for the reasons stated by the trial court, it did not assign much weight to any of the mitigating factors. That Calligan disagrees with how the trial court weighed such mitigating circumstances once it identified them is not subject to our review. Further, Calligan does not contend the record fails to support the facts pointed to by the trial court in assigning little weight to the mitigating

4

circumstances, nor does he claim the aggravating circumstances found by the trial court were found in error.

Even if Calligan were correct that the trial court failed to identify mitigating factors supported by the record, "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." Anglemyer, 875 N.E.2d at 493. Calligan has failed to establish that his proffered mitigating factors—he has a stable support system, he has five dependent children, and he has a history of substance abuse—are significant. As the trial court stated during sentencing, the record demonstrates that the support system Calligan references has not prevented him from developing a lengthy criminal history; while he does have dependent children, he does not financially support them despite his obligation to do so; and he has had numerous opportunities to rehabilitate his substance abuse problem. For these reasons, even if these are factors that the trial court failed to identify as mitigating, they are not significant, and consequently the trial court did not abuse its discretion.

## II.  Indiana Appellate Rule 7(B)

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant bears the burden of persuading us that his sentence has met this standard. Boss v. State, 964 N.E.2d 931, 938 (Ind. Ct. App. 2012). To determine whether a sentence is inappropriate, we begin by comparing it to the advisory sentence given by the legislature. Id. Here, Calligan received the maximum sentence permitted for his Class B felony, and the trial

court enhanced his sentence by the maximum amount permitted due to Calligan being an habitual offender.

As to the nature of his offense, unlawful possession of a firearm by a serious violent felon, Calligan contends "it was a simple possession of a handgun matter, nothing more, nothing less," and not the "worst" Class B felony provided for by Indiana statutes. Brief of Appellant at 13-14. Other than the act of fleeing from the police against Officer Thompson's direct orders, we agree with Calligan that his offense was not particularly heinous. However, a defendant's character alone may be enough to support an enhanced sentence, Hurst v. State, 890 N.E.2d 88, 97 (Ind. Ct. App. 2008), trans. denied, and Calligan's character alone, as shown through his criminal history and inability to benefit from rehabilitative services, justifies his sentence.

In its sentencing statement, the trial court recited Calligan's juvenile and adult criminal record as follows:

> You were adjudicated delinquent for Receiving Stolen Property, what would've been a Class D felony had it been committed by an adult. Operating Without a License, what would've been a Class C Misdemeanor had it been committed by an adult. Resisting Law Enforcement, what would've been a Class A Misdemeanor had it been committed by an adult, and Receiving Stolen Property, what would've been a Class D Felony had it been committed by an adult. You were committed to the Wood Youth Center for ninety days. In September of 1999 you were adjudicated delinquent for Trespassing, what would've been a Class A Misdemeanor had it been committed by an adult and referred to the office of Family and Children Services. You were then adjudicated delinquent for Possession of Cocaine, what would've been a Class D Felony had it been committed by an adult in January of 2001 and then committed to Boy's School. In 2001 to 2011 you have accumulated seven (7) misdemeanors and seven (7) felony convictions. . . . You've got three (3) prior gun charges. You have been given the benefit of suspended jail sentences. Treatment at Brown and Associates. Community Service. Short jail sentences, longer jail sentences. Active Adult Probation. The Department of Correction. More Community Service. Parole. Parole violations then. [sic] Back to the

6

Department of Correction. The Re-Entry Program. And it just continues. You're a multi-county offender . . . . For being only twenty-eight years old you've got a pretty lengthy criminal history and it doesn't seem as though anything's going to interfere with your continued criminal behavior.

Sentencing Tr. at 11-13.

Based upon Calligan's lengthy criminal history and inability or unwillingness to benefit from rehabilitative services offered to him, we conclude his sentence is not inappropriate in light of the nature of his offense and, especially, in light of his character.

<u>Conclusion</u>

The trial court did not abuse its discretion in sentencing Calligan, and we cannot conclude his sentence is inappropriate in light of the nature of his offense and his character. We therefore affirm his sentence.

Affirmed.

BAKER, J., and BRADFORD, J., concur.