## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2018, 6:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Justin F. Roebel
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth R. Kranz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 27, 2018<br><br>Court of Appeals Case No.<br>29A02-1703-CR-631<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Steven R. Nation,<br>Judge<br><br>Trial Court Cause No.<br>29D01-1507-FA-5840 |

**Mathias, Judge.**

[1]     Kenneth R. Kranz ("Kranz") was convicted after a jury trial of two counts of Class A felony child molesting and two counts of Class C felony child

molesting in the Hamilton Superior Court. The trial court sentenced Kranz to consecutive terms of fifty years for each Class A felony and to concurrent terms of six years for each Class C felony for an aggregate sentence of one hundred years. On appeal, Kranz argues that the trial court abused its discretion when it sentenced him.

[2] We affirm.

## Facts and Procedural History

[3] A.K. was born to Kranz and his wife in 1999. The first time A.K. remembers her father touching her inappropriately was when she was six years old. A.K. woke up in the middle of the night to Kranz covering her mouth and putting his fingers inside her vagina. Kranz continued to molest A.K. until she was 16 years old including exposing himself to her, pinning her to the ground and humping her, sleeping in her bed and touching her inappropriately under her clothes, and attempting to walk in on her while she was in the bathroom.

[4] Kranz also began molesting his intellectually disabled daughter K.K., born in 2002, when she was around nine years old. On one occasion, K.K. was asleep in her parents' car while she and her siblings waited for their mom to get off work. While waiting in the car, Kranz touched K.K.'s vagina with his fingers. Kranz first had sexual intercourse with K.K. when she was twelve and continued to do so several more times. Kranz molested K.K. until she was fourteen years old.

[5] In the summer of 2015, when A.K. was sixteen, she told a camp counselor about her father's molestation. Law enforcement was informed, and both A.K. and K.K. were interviewed. Kranz was arrested and charged with two counts of Class A felony child molesting, two counts of Class B felony incest, and two counts of Class C felony child molesting. A three-day jury trial commenced on January 9, 2017, after which the jury found Kranz guilty as charged.

[6] At Kranz's sentencing hearing on March 2, 2017, the trial court identified nine aggravating factors including: (1) the ongoing nature of the abuse; (2) that there were distinct acts done to both girls; (3) that there were two victims; (4) the extent of physical and mental anguish and harm caused by the acts; (5) Kranz's prior criminal history involving sexual matters; (6) that Kranz was in the position of care, custody, and control of the girls; (7) that K.K. had special needs; and (8) A.K.'s tender age at the time the molestation began. Tr. Vol. 4, p. 198.

[7] Kranz offered mitigating factors for consideration "that his upbringing was inappropriate" and that he has "educational, cognitive learning disabilities." *Id.* at 199. However, the trial court declined to find them as mitigating factors because "nothing that the Court found concerning the incidents happening to these two girls were diminished by any of those factors." *Id.* The court then sentenced Kranz to fifty years for each Class A felony and to concurrent terms

of six years for each Class C felony for an aggregate sentence of one hundred years.[1]

[8] Kranz now appeals.

## Discussion and Decision

[9] Kranz claims that the trial court abused its discretion when it sentenced him. Sentencing decisions are generally left to the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). However, a trial court may be found to have abused its discretion in sentencing for: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons provided; (3) entering a sentencing statement that omits reasons that are both clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement in which the reasons provided are improper as a matter of law. *Id.* at 490–91. The reasons or omissions of reasons given by the trial court for a particular sentence are reviewed for an abuse of discretion. *Id.*

[10] Kranz first argues that "[t]he court here has failed to enter a sentencing statement at all." Appellant's Br. at 12. Kranz is mistaken. The court provided a detailed oral sentencing statement just before pronouncing its sentence:

> The Court finds concerning the sentencing in this cause that the Court looks at the aggravating circumstances of the length of the

---

[1] The trial court did not enter judgment on the Class B felony incest counts due to double jeopardy concerns.

numerous acts, of the ongoing nature of the abuse, that they were distinct acts as to both victims, and that there were two victims. The extent of physical and mental anguish and harm caused by it, prior criminal history involving sexual matters, that he was in the position of care, custody, and control of these children. The testimony that was presented concerning K.K. being special needs and that A.K., the tender age at the time when these molestations started. The Court finds, notes for the mitigating circumstances that it does note that his upbringing was not appropriate and that he does have educational, cognitive learning disabilities. But nothing that the Court found concerning the incidents happening to these two girls were diminished by any of those factors so the Court will note them, but not find them as mitigating factors.

Tr. Vol. 4, pp. 198–99. Here, the trial court identified eight aggravating factors, and it noted the two mitigating circumstances offered by Kranz, but it declined to find them as mitigating factors and provided its reason for not doing so.

[11] The statement proffered allows us to "carry out our function of reviewing the trial court's exercise of discretion in sentencing" as it provides "reasons for imposing the sentence" and facts that are particular to Kranz and the crime he committed. *Anglemyer*, 868 N.E.2d at 490 (quoting *Page v. State*, 424 N.E.2d 1021, 1023 (Ind. 1981)). And the finding of mitigating factors rests within the sound discretion of the trial court. *Anglemyer*, 868 N.E.2d at 490–91. Simply put, the trial court's sentencing statement was sufficient. *See id.* at 492; *Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012).

[12] Kranz also contends that the trial court improperly used a material element of the offense—A.K.'s age—as an aggravated circumstance justifying the

enhanced sentence. We disagree. An element of child molestation is that the child is under fourteen years of age, *see* Ind. Code § 35-42-4-3, and one of the aggravating factors that the trial court found here was "the tender age [of A.K.] at the time when these molestations started." Tr. Vol. 4, p. 198. But our supreme court has explained "that even where the age of the victim is an element of the offense, the very young age of a child can support an enhanced sentence as a particularized circumstance of the crime." *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

[13] Here, A.K. was only six years old when her father began molesting her. This is eight years below the statutory threshold for the offense. I.C. § 35-42-4-3. And the molestation of A.K. occurred over a ten-year period. Thus, the trial court did not abuse its discretion when it considered A.K.'s young age as a proper aggravating circumstance justifying an enhanced sentence. *See Buchanan v. State*, 767 N.E.2d 967, 971 (Ind. 2002) (finding the trial court did not abuse its discretion during sentencing when it noted the "victim's particularly tender years (age 5)" as an aggravating circumstance); *Reyes v. State*, 909 N.E.2d 1124, 1128 (Ind. Ct. App. 2009) (holding that trial court did not abuse its discretion when it considered the age of the nine-year-old victim who was molested over a period of years as an aggravator).

# Conclusion

[14] The trial court here provided a sufficient oral sentencing statement, and it did not abuse its discretion when it found A.K.'s young age as a proper aggravating circumstance. Accordingly, we affirm.

Najam, J., and Barnes, J., concur.