## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2019, 6:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alejandro Hernandez-Miguel,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 5, 2019

Court of Appeals Case No.
18A-CR-2441

Appeal from the Clinton Circuit Court

The Honorable Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-1709-F4-1018

**Bailey, Judge.**

# Case Summary

[1] Alejandro Hernandez-Miguel ("Hernandez-Miguel") challenges his conviction for child molesting as a Level 4 felony[1] and his sentence. We affirm.

# Issues

[2] Hernandez-Miguel raises four issues which we consolidate and restate as follows:

> I. Whether the State provided sufficient evidence to support his conviction for child molesting, as a Level 4 felony.
>
> II. Whether the trial court erred in failing to advise Hernandez-Miguel of the consequences of being a credit-restricted felon.
>
> III. Whether Hernandez-Miguel's sentence is inappropriate in light of the nature of his offense and his character.

# Facts and Procedural History

[3] B.M.H., born July 8, 2011, is the child of Miranda Martin ("Martin") and Hernandez-Miguel. Hernandez-Miguel had supervised visits[2] starting when B.M.H. was approximately eight months old. When B.M.H. was

---

[1] Ind. Code § 35-42-4-3(b).

[2] The record does not disclose why Hernandez-Miguel's visits with B.M.H. were initially supervised.

approximately three years old, Hernandez-Miguel began to have unsupervised over-night visits with B.M.H. at Hernandez-Miguel's home.

[4] On September 6, 2017, when B.M.H. was approximately six years old, he told his aunt, Samantha Stevens ("Stevens"), that Hernandez-Miguel had molested him. The next morning, while B.M.H. was in school, Stevens told Martin about B.M.H.'s disclosure of the molestations. Immediately thereafter, Martin and Stevens went to the Franklin City Police Department ("FCPD") to make a report and spoke with Officer Mike Cesar ("Officer Cesar"). Officer Cesar instructed Martin that she should speak with B.M.H. to confirm the molestation allegations.

[5] That evening, while B.M.H., Martin, and Stevens were together, B.M.H.—without prompting—began speaking about being molested by Hernandez-Miguel. Martin used a smart phone to record the conversation, because, as she later related, "I don't want later for anyone to say I told him to say something because that happens to people all the time." Tr. at 50. A week later, B.M.H. had a forensic interview with the FCPD about the allegations of molestation. After that interview, B.M.H. initiated another conversation with his mother about the molestation, which Martin also recorded. Martin gave the two recordings of her conversations with B.M.H. to the FCPD.

[6] On September 22, 2017, the State charged Hernandez-Miguel with one count of child molesting, as a Level 4 felony. Hernandez-Martin waived a jury trial and had a bench trial on July 13, 2018. At the trial, Martin's recordings of B.M.H.'s

statements were not admitted into evidence. The forensic interview of B.M.H. also was not admitted into evidence; however, FCPD Officer Van Jason Albaugh ("Officer Albaugh"), who was present at the forensic interview, testified that B.M.H. had informed the police that Hernandez-Miguel "wiggled [B.M.H.'s] peepee." *Id.* at 61. B.M.H. also testified at the trial. He stated that Hernandez-Miguel put his hands down B.M.H.'s pants, under his underwear, and held his penis and buttocks. He testified that Hernandez-Miguel touched him like that "for a long time," *id.* at 19, and "a lot," *id.* at 18. Hernandez-Miguel also testified. He admitted that he had touched B.M.H. but only on the outside of B.M.H.'s clothes and only to determine whether the clothes were wet from B.M.H. urinating on himself, which he frequently did.

[7] The court found Hernandez-Miguel guilty as charged and held a sentencing hearing on September 12, 2018. The trial court noted as aggravators Hernandez-Miguel's criminal history, the victim's age being less then twelve years, and Hernandez-Miguel's position of care, custody, or control over the victim. The court found no mitigating factors and sentenced Hernandez-Miguel to seven years imprisonment, with two years suspended to probation. This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[8] Hernandez-Miguel challenges the sufficiency of the evidence to support his conviction. Our standard of review of the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

*Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013), *trans. denied*. "A conviction may be based on circumstantial evidence alone so long as there are reasonable inferences enabling the factfinder to find the defendant guilty beyond a reasonable doubt." *Lawrence v. State*, 959 N.E.2d 385, 388 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

[9] To support Hernandez-Miguel's conviction of child molesting, as a Level 4 felony, the State was required to prove that Hernandez-Miguel, with a child under age fourteen, performed or submitted to any fondling or touching of the child with intent to arouse the sexual desires of either the child or himself. I.C. § 35-42-4-3(b). It is undisputed that B.M.H. was under age fourteen and that

Hernandez-Miguel touched B.M.H.'s genital area. However, Hernandez-Miguel contends on appeal that he did not have the intent to arouse the sexual desires of either himself or B.M.H.; rather, he maintains, he touched B.M.H.'s genitals on the outside of his clothing only to determine whether B.M.H. had urinated on himself.

[10] "The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual consequence to which such conduct usually points." *Carter v. State*, 31 N.E.3d 17, 30 (Ind. Ct. App. 2015), *trans. denied*. Furthermore, a molested child's uncorroborated testimony alone is sufficient to sustain a child molesting conviction. *E.g.*, *Amphonephong v. State*, 32 N.E.3d 825, 832 (Ind. Ct. App. 2015); *see also Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012) ( "The testimony of a sole child witness is sufficient to sustain a conviction for molestation.").

[11] Here, Officer Albaugh testified that B.M.H. had informed the police that Hernandez-Miguel "wiggled [B.M.H.'s] peepee." *Id*. at 61. And B.M.H. testified that Hernandez-Miguel reached into B.M.H's pants and touched his penis and buttocks frequently and for an extended period of time. From that evidence, it was reasonable for the trial court to infer that Hernandez-Miguel did not briefly touch B.M.H.'s genitals from the outside of his pants for the sole purpose of determining whether B.M.H. had urinated on himself but, rather, directly touched and fondled B.M.H.'s genitals for an extended period of time for the purpose of arousing his own sexual desires. *See Amphonephong*, 32

N.E.3d at 833 (holding child's testimony that defendant repeatedly put his hands in her pants and touched her genitals was sufficient evidence of intent to arouse or satisfy defendant's sexual desires). Hernandez-Miguel's contentions to the contrary are merely requests that we reweigh the evidence and judge witness credibility, which we cannot do. *Clemons*, 996 N.E.2d at 1285. There was sufficient evidence to support Hernandez-Miguel's conviction.

## Advisement Regarding Credit Restricted Felon

[12] Hernandez-Miguel maintains that the trial court committed reversible error when it failed to advise him of whether he was a credit restricted felon and the consequences of being a credit restricted felon. Indiana Code Section 35-38-1-7.8 requires the trial court at sentencing to determine whether a person qualifies as a credit restricted felon. An offender qualifies as a credit restricted felon if he or she is convicted of child molesting involving sexual intercourse or "other sexual conduct"; if he or she is convicted of child molesting resulting in serious bodily injury or death; or if he or she is convicted of a murder involving other circumstances related to sexually-based crimes. I.C. §§ 35-31.5-2-72 (listing qualifying convictions for credit restricted felon classification); 35-31.5-2-221.5 (defining "other sexual conduct" as "an act involving [either] a sex organ of one (1) person and the mouth or anus of another person; or the penetration of the sex organ or anus of a person by an object"). "*Upon determining* that a defendant *is* a restricted felon, a court shall advise the defendant of the consequences of this determination." I.C. § 35-38-1-7.8(c) (emphasis added).

Here, the trial court did not determine that Hernandez-Miguel is a credit restricted felon. Therefore, under the plain language of subsection (c) of the statute, the trial court was not required to inform Hernandez-Miguel of the consequences of being a credit restricted felon. *Id*. Moreover, there is nothing in the language of the statute that requires a trial court to advise a defendant that he is *not* a credit restricted felon, and Hernandez-Miguel cites no other authority in support of that contention. The trial court did not err in failing to advise Hernandez-Miguel of the fact that he is *not* a credit restricted felon and the consequences of being a credit restricted felon.

## Inappropriateness of Sentence

Hernandez-Miguel contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6, of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *See, e.g.*, *Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017), *trans. denied*. This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id*. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *Id*. (citing Ind. Appellate Rule 7(B)). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[15] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] Hernandez-Miguel contends that the nature of the offense does not support his seven-year sentence, which is within the two-to-twelve-year sentencing range for a Level 4 felony and is only one year above the advisory sentence of six years. I.C. § 35-50-2-5.5. When considering the nature of the offense, we look at the defendant's actions in comparison to the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018), *trans. denied*. Child molestation is among the most severe and heinous of offenses and, here, the crime was made worse by the fact that Hernandez-Miguel molested his own

young son. As the trial court properly recognized, this criminal behavior was a violation of the position of care, custody, and control that a parent has in relation to his child. *See Bacher v. State*, 722 N.E.2d 799, 801-02 (Ind. 2000) (noting fact that defendant was in a "position of trust" with the victim was a valid aggravating circumstance). And Hernandez-Miguel has failed to provide compelling evidence portraying in a positive light the nature of his offense, such as restraint; rather, the evidence showed that Hernandez-Miguel molested B.M.H. "a lot," i.e., frequently. Tr. at 18.

[17] Hernandez-Miguel also asserts that his sentence is inappropriate in light of his character. In support of that claim, he notes that "he was not the 'worst of the worst' offenders," and did not have a criminal history of violence or sexual abuse. Appellant's Br. at 20. However, his criminal history of one felony and two misdemeanor convictions is certainly an aggravating circumstance. I.C. § 35-38-1-7.1(a)(2). That criminal history, in conjunction with his abuse of his position of care, custody, and control over his own young child,[3] supports the

---

[3] The trial court erred in considering the age of the victim as an aggravator because age was an element of the offense, I.C. § 35-42-4-3(b), and the court failed to articulate the particular relevance of the child's age as an aggravator, App. at 22-23; Tr. at 97.

> While the victim being under twelve can be an aggravator, *see* Ind. Code § 35–38–1–7.1(a)(3), our Supreme Court has made clear that "[w]hen the age of a victim constitutes a material element of the crime," the trial court cannot treat it as an aggravating circumstance unless it sets forth "particularized circumstances" justifying such treatment, *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001); *see also Reyes v. State*, 909 N.E.2d 1124, 1128 (Ind. Ct. App. 2009) (upholding use of molestation victim's age as aggravator where trial court addressed relevance of age); *Sullivan v. State*, 836 N.E.2d 1031, 1035 (Ind. Ct. App. 2005) (same).

*McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018). However, that error was harmless as there existed other aggravating circumstances supporting the sentence.

trial court's decision to impose a sentence only one year longer the advisory sentence. Against these aggravators, Hernandez-Miguel points to no mitigating evidence, such as substantial virtuous traits or persistent examples of good character, and the trial court found none. *Stephenson*, 29 N.E.3d at 122. Although he notes that he worked and paid child support, we are not persuaded that those facts mitigate his sexual molestation of his own young child. We cannot say that his sentence is inappropriate in light of his character.

# Conclusion

[18] The State presented sufficient evidence to support Hernandez-Miguel's conviction. And the trial court did not err in failing to inform Hernandez-Miguel of the fact that he is *not* a credit restricted felon and the consequences of being a credit restricted felon. Finally, Hernandez-Miguel's sentence, which was only one year longer than the advisory sentence, was not inappropriate in light of the nature of the offense and his character.

[19] Affirmed.

Bradford, J., and Brown, J., concur.