## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corey Allen Greenlee, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | October 30, 2020 <br><br> Court of Appeals Case No. 20A-CR-411 <br><br> Appeal from the Shelby Circuit Court <br><br> The Honorable Trent Meltzer, Judge <br><br> Trial Court Cause No. 73C01-1708-FA-2 |

**Vaidik, Judge.**

# Case Summary

[1]  Corey Allen Greenlee was convicted of three counts of child molesting and four other sex offenses and sentenced to 101 years. He now appeals, raising several issues. We find that Greenlee's sentence is inappropriate and revise it to forty-nine years but otherwise affirm the trial court.

# Facts and Procedural History

[2]  Danielle Greenlee and John Huber have a daughter, A.H., born in March 1999. After Danielle and John got divorced, Danielle married Greenlee in August 2005. A.H. split time between her parents. When she stayed with her mother and Greenlee, they lived in three houses in southern Shelby County. They moved to (1) a "house by Southwestern" Elementary when A.H. was "7 or 8" years old, (2) a house in Flat Rock in "2010" when A.H. was "eleven" years old, and (3) a house on Del Char Drive in "2012." Tr. Vol. II pp. 153-54, 202.

[3]  On July 4, 2017, A.H., then eighteen years old, disclosed to her boyfriend that Greenlee had molested her when she was younger. A.H. then told her parents, and her mother took her to the police station to make a report. The next day, a detective with the Shelby County Sheriff's Department interviewed A.H.

[4]  The State charged Greenlee with seven counts:

- Count I: Class C felony child molesting ("placing A.H.'s hands on his penis and telling A.H. to masturbate him" between January 2007 and December 2010)

- Count II: Class A felony child molesting ("placing his mouth and/or tongue on A.H.'s bare vagina" between January 2010 and December 2011)

- Count III: Class D felony child solicitation (between January 2012 and March 2013)

- Count IV: Class D felony child solicitation (between March 2013 and June 2014)

- Count V: Level 5 felony child solicitation (between July 2014 and March 2015)

- Count VI: Class D felony vicarious sexual gratification (touched or fondled his own body in A.H.'s presence between January 2007 and December 2011)

- Count VII: Class A felony child molesting ("having A.H. place anal beads in his butt" between January 2010 and December 2011)

Appellant's App. Vol. II pp. 21-22, 53. On August 11, Greenlee's mother posted a $5,000 cash bond for him. The bond agreement, signed by Greenlee's mother, provides:

> I understand that pursuant to Indiana Code 35-33-8 et seq. any fines, fees, forfeitures, restitution, or costs imposed against the Defendant shall be paid out of the cash bond without further notice. . . . I understand that by posting this bond, this money will be treated as if it is the defendant's own money.

*Id.* at 33.

[5] A jury trial was held in November 2019. A.H. testified about what Greenlee did to her at each house. Specifically, A.H. testified that when they lived at the house by Southwestern Elementary, Greenlee had her come into his bedroom and shut the door. Greenlee then had her remove her clothes and lie on the bed with her "legs spread." Tr. Vol. II p. 204. Greenlee then "jack[ed] off," or rubbed his penis. *Id.* According to A.H., this happened several times a week while they lived at this house. In addition, at least once Greenlee had A.H. lie next to him and rub his penis.

[6] In 2010, the family moved to a house in Flat Rock. A.H. testified that Greenlee did the same things to her at this house, plus new things. A.H. testified that on a few occasions, Greenlee had her watch pornography while he rubbed his penis. At least once, Greenlee retrieved "anal beads" from his dresser and had A.H. put them in his anus, instructing her how far to "push" them in. *Id.* at 207, 208. And once, Greenlee had A.H. lie naked on the bed and licked her "private area." *Id.* at 208.

[7] In 2012, the family moved to a house on Del Char Drive. A.H. testified that although Greenlee did not molest her at this house, he asked her to come into his bedroom so they could do things like "old times." *Id.* at 209. A.H. said Greenlee asked her this "almost every day." *Id.* at 210.

[8] On November 13, 2019, the jury found Greenlee guilty as charged. The sentencing hearing was set for December 10 but was moved to December 12. Appellant's App. Vol. II p. 11. When the parties appeared for sentencing on

December 12, the State asked for a continuance because it hadn't been able to contact A.H., who was pregnant and due that month.[1] Defense counsel said he would not object to "a brief continuance." Supp. Tr. p. 3. The parties then discussed when to have the hearing, given that A.H. would likely have her baby soon. When the parties discussed early January, defense counsel said he was "fine with that" and would "make it work." *Id.* at 4, 5. The trial court rescheduled the sentencing hearing for January 9, 2020. That day, the State and defense counsel "jointly" moved for another continuance. Appellant's App. Vol. II p. 12. The court rescheduled the sentencing hearing for January 21.

[9] At the sentencing hearing, defense counsel argued for a sentence of thirty years, with twenty years executed and ten years suspended to probation. Tr. Vol. III p. 42. In contrast, the State argued for a sentence of 100 years. *Id.* at 45. The trial court found five aggravators: (1) Greenlee had several prior felony convictions (including Class C felony burglary, Class D felony criminal confinement, and Class D felony residential entry) and several prior misdemeanor convictions (including battery, possession of marijuana, and reckless driving); (2) Greenlee was in a position of trust with A.H.; (3) A.H. experienced "emotional" harm; (4) Greenlee committed "other uncharged acts" against A.H.; and (5) Counts III-VI were "committed repeatedly." Appellant's App. Vol. II p. 18. The court

---

[1] Greenlee says there is no evidence in the record that he was "even present" on December 12. Appellant's Reply Br. p. 10. To the contrary, the CCS reflects that Greenlee appeared "in person/custody" on December 12. Appellant's App. Vol. II p. 11.

found no mitigators.  It sentenced Greenlee, then forty-one years old, as follows:

- Count I: Class C felony child molesting, 6 years

- Count II: Class A felony child molesting, 40 years

- Count III: Class D felony child solicitation, 3 years

- Count IV: Class D felony child solicitation, 3 years

- Count V: Level 5 felony child solicitation, 6 years

- Count VI: Class D felony vicarious sexual gratification, 3 years

- Count VII: Class A felony child molesting, 40 years

The court ordered the sentences to run consecutively, for a total sentence of 101 years. The trial court also ordered the cost of A.H.'s deposition transcripts—$666—to "be paid from [Greenlee's] bond." *Id.* at 11.

[10]   Greenlee now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

[11]   Greenlee first contends that the evidence is insufficient to support his seven convictions. He doesn't challenge any particular elements of the offenses; rather, he argues the evidence is insufficient to support all of his convictions

because they are based on "the uncorroborated testimony of A.H." Appellant's Br. p. 12. The State disputes that A.H.'s testimony is uncorroborated. For example, it notes that Danielle "testified that [Greenlee] had anal beads and pornographic DVDs" and that Greenlee's daughter testified that she "witnessed [Greenlee] take A.H. into his room." Appellee's Br. p. 12. But even if Greenlee were right that A.H.'s testimony is uncorroborated, it is well settled that a conviction, including a conviction for child molesting, may rest solely upon the uncorroborated testimony of the victim. *Rose v. State*, 36 N.E.3d 1055, 1061 (Ind. Ct. App. 2015). Accordingly, Greenlee's sufficiency challenge fails.[2]

## II. Sentencing Within Thirty Days

[12] Greenlee next contends that the trial court erred in not sentencing him within thirty days of the jury's verdict. Indiana Criminal Rule 11 provides, "Upon entering a conviction, whether the acceptance of a guilty plea or by finding or by verdict, the court shall sentence a defendant convicted in a criminal case within thirty (30) days of the plea or the finding or verdict of guilty, unless an extension for good cause is shown." *See also* Ind. Code § 35-38-1-2(b). When a defendant fails to object to the scheduling of a sentencing hearing for a day beyond the thirty-day deadline, he cannot later claim error on appeal. *Waters v. State*, 65 N.E.3d 613, 618 (Ind. Ct. App. 2016). Here, Greenlee not only failed

---

[2] Greenlee does not argue that the incredible-dubiosity doctrine applies to A.H.'s testimony. *See Moore v State*, 27 N.E.3d 749, 756 (Ind. 2015).

to object on December 12 when the sentencing hearing was scheduled beyond the thirty-day deadline, he also agreed to it. In addition, **he** asked for a continuance on January 9. There is no error on this issue.

## III. Cost of Deposition Transcripts

[13] Greenlee next contends that the trial court erred in ordering that "the costs of the [deposition] transcripts be taken from the bond posted in this [c]ase" without holding another indigency hearing. Appellant's Br. p. 19. The State responds that another indigency hearing wasn't required because the cost of the deposition transcripts was paid out of the $5,000 bond under the bond agreement and Indiana Code section 35-33-8-3.2. As noted above, the bond agreement, signed by Greenlee's mother, provides:

> I understand that pursuant to Indiana Code 35-33-8 et seq. any fines, fees, forfeitures, restitution, or costs imposed against the Defendant shall be paid out of the cash bond without further notice. . . . I understand that by posting this bond, this money will be treated as if it is the defendant's own money.

Appellant's App. Vol. II p. 33. In addition, Section 35-33-8-3.2(a)(2) permits the trial court to require the defendant to execute:

> (A) a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail; and

> (B) an agreement that allows the court to retain all or a part of the cash or securities to pay fines, costs, fees, and restitution that

the court may order the defendant to pay if the defendant is convicted.

Because the bond agreement in this case allows costs and fees to be paid out of the $5,000 bond (even though Greenlee himself didn't post it), the court properly ordered the cost of the deposition transcripts to be paid out of the bond without holding another indigency hearing. *See Wright v. State*, 949 N.E.2d 411, 414-16 (Ind. Ct. App. 2011) (holding that "[i]n executing the cash bail bond agreement [under Section 35-33-8-3.2(a)(2)], Wright agreed to give the trial court the authority to retain all or a part of the $1000 placed in escrow to pay fines, costs, fees, restitution, and publicly paid costs of representation if she . . . was convicted" without conducting an indigency hearing). There is no error.

# IV. Inappropriate Sentence

[14]    Last, Greenlee contends that his 101-year sentence is inappropriate and asks us to revise it under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The appellate court's role under Rule 7(B) is to "leaven the outliers," and "we reserve our 7(B) authority for exceptional cases." *Faith v. State*, 131 N.E.3d 158, 159-60 (Ind. 2019) (quotation omitted). "Ultimately, our constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate." *Id.* at 160 (quotation omitted).

[15]     A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6(a). A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with an advisory sentence of one-and-a-half years. Ind. Code § 35-50-2-7(a). A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with an advisory sentence of three years. *Id.* at (b). Here, the trial court sentenced Greenlee to an above-advisory sentence of forty years for each Class A felony, an above-advisory sentence of six years for the Class C felony, the maximum sentence of three years for each Class D felony, and the maximum sentence of six years for the Level 5 felony. The trial court ordered these sentences to be served consecutively, for a total sentence of 101 years.[3]

[16]     As for the nature of the offenses, Greenlee molested his stepdaughter on numerous occasions between January 2007 and December 2011. The molestations included Greenlee licking A.H.'s vagina, having A.H. place anal beads in his anus, and having A.H. fondle his penis. Greenlee also fondled

---

[3] At the sentencing hearing, defense counsel said the probation department recommended a sentence of thirty years. Tr. Vol. III p. 42. Although the PSI includes a recommendation for each count, it is silent as to whether the sentences should run concurrently or consecutively. *See* Appellant's App. Vol. II p. 150. In any event, when the State spoke after defense counsel, it didn't dispute defense counsel's statement that the probation department recommended thirty years.

himself while A.H. was naked. Notably, however, there was never any sexual intercourse or penetration of A.H. The molestations stopped in 2012; however, Greenlee solicited A.H. for sexual things for several years thereafter.

[17] Although there is nothing particularly redeeming about Greenlee's character, there is nothing particularly egregious about it either. Greenlee has several prior felony and misdemeanor convictions; however, none are sexual or child-molesting related. In any event, his criminal history does not warrant a 101-year sentence.

[18] After considering the nature of the offenses and Greenlee's character, our collective sense is that his 101-year sentence is inappropriate and an outlier. The cases that the State rely upon to argue that Greenlee's sentence is not an outlier are distinguishable. For example, in *Reyes v. State*, 909 N.E.2d 1124 (Ind. Ct. App. 2009), the State charged the defendant with fifty counts of sexual-related offenses for molesting his daughter for several years. The defendant pled guilty to three counts of Class A felony child molesting, one of which involved sexual intercourse. The trial court sentenced the defendant to the maximum term of fifty years for the sexual-intercourse count and the advisory term of thirty years for the other two counts, to be served consecutively, for a total sentence of 110 years. On appeal, we revised the sentence to ninety years. Specifically, we found

> the enhanced fifty-year sentence for child molestation by sexual intercourse and the imposition of consecutive sentences are inappropriate in light of the nature of the offenses and the

character of the offender. Therefore, we determine that [a] thirty-year sentence for molestation by sexual intercourse is appropriate. However, based upon [the defendant's] particular psychological abuse of the victim, we do not consider the imposition of consecutive sentences to be inappropriate. Accordingly, we reverse and remand for the imposition of an aggregate sentence of ninety years.

*Id.* at 1129. There are several key differences between *Reyes* and this case: (1) Greenlee did not engage in sexual intercourse with A.H.; (2) the "emotional" harm to A.H. was not like the "psychological abuse" in *Reyes*, which "took the perverse form of [the defendant] making the victim look at graphic pictures of her nude body, her genitalia, and the molestations," *id.*; and (3) Greenlee has above-advisory **and** consecutive sentences.

[19]     In *Stetler v. State*, 972 N.E.2d 404 (Ind. Ct. App. 2012), *trans. denied*, the jury found the defendant guilty of two counts of Class A felony child molesting for molesting two victims, and the defendant admitted being a habitual offender. The trial court sentenced the defendant to the advisory term of thirty years for each Class A felony and enhanced one count by thirty years for being a habitual offender. The trial court ordered the sentences to be served consecutively, for a total sentence of ninety years. On appeal, we found that this sentence was not inappropriate. Here, however, there was no habitual-offender finding. In *Stetler*, thirty years of the defendant's ninety-year sentence was for being a habitual offender. In addition, *Stetler* involved two victims, not one.

Here, we believe that the nature of the offenses and Greenlee's character justify a sentence below those in both *Reyes* and *Stetler* and more like the fifty-year sentence in *Monroe v. State*, 886 N.E.2d 578 (Ind. 2008) (revising the defendant's 100-year sentence for five counts of Class A felony child molesting for molesting his girlfriend's daughter on several occasions over a two-year period to fifty years). Accordingly, we keep the individual above-advisory sentences on each count the same but order the child-molesting sentences (Counts I, II, and VII) to be served concurrently and the child-solicitation sentences (Counts III, IV, and V) to be served concurrently. We then order each category of offenses—child molesting (forty years), child solicitation (six years), and vicarious sexual gratification (three years)—to be served consecutively, for a total sentence of forty-nine years.

Affirmed in part and reversed and remanded in part.

Bailey, J., and Weissmann, J., concur.