## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2019, 6:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brittany Leann Kehlhofer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 23, 2019

Court of Appeals Case No.
19A-CR-404

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1804-F5-66

**Pyle, Judge.**

# Statement of the Case

[1] Brittany Kehlhofer ("Kehlhofer") appeals the sentence imposed after she pled guilty to Level 5 felony possession of methamphetamine[1] and Level 6 felony unlawful possession of a syringe.[2] Kehlhofer argues that her sentence is inappropriate in light of the nature of the offense and her character. Concluding that Kehlhofer's sentence is not inappropriate, we affirm her sentence.

[2] We affirm.

# Issue

Whether Kehlhofer's sentence is inappropriate.

# Facts

[3] On April 5, 2018, officers located Kehlhofer in a motel room in Lafayette, Indiana. They were aware that she had an outstanding arrest warrant and took her into custody. A search of the motel room revealed 9.24 grams of methamphetamine, several syringes, scales, methamphetamine pipes,

---

[1] IND. CODE § 35-48-4-6.1.

[2] IND. CODE § 16-42-19-18.

marijuana, and approximately $13,800 of fraudulent U.S. currency in a backpack.

[4] The State charged Kehlhofer with Level 5 felony possession of methamphetamine, Level 6 felony unlawful possession of a syringe, Class B misdemeanor possession of marijuana, Class C misdemeanor possession of a paraphernalia, and Level 6 felony counterfeiting. In December 2018, Kehlhofer pled guilty to Level 5 felony possession of methamphetamine and Level 6 felony possession of a syringe.[3] In exchange, the State dismissed the remaining charges. Sentencing was left to the discretion of the trial court.

[5] At the sentencing hearing, the trial court found both mitigating and aggravating factors present. The trial court identified the following mitigating factors:

> [Kehlhofer] [pled] guilty and accepted responsibility; [Kehlhofer's] substance abuse issues (diminished by her failure to take advantage of substance abuse programs previously provided).

(App. 25). The trial court identified the following aggravating factors:

> [Kehlhofer's] criminal history; [Kehlhofer] was on probation at the time of this offense; [Kehlhofer] has previously violated probation; [Kehlhofer's] conduct while at the Tippecanoe County Jail (including a battery and failure to take advantage of rehabilitative programs available).

---

[3] Pursuant to the plea agreement, Kehlhofer also admitted to violating her probation in cause number 79D02-1704-F5-49.

(App. 25). The trial court then found that the aggravating factors outweighed the mitigating factors. The trial court sentenced Kehlhofer to five (5) years for the Level 5 felony conviction and two (2) years for the Level 6 felony conviction. The trial court ordered the sentences to be served concurrently, for an aggregate sentence of five (5) years. Of those five years, four (4) years were ordered executed at the Department of Correction, one (1) year on community corrections, and one (1) year was suspended to probation. Kehlhofer now appeals.

## Decision

[6] Kehlhofer argues that her aggregate sentence of five years is inappropriate in light of the nature of the offense and her character. This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*. "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id*. at 1292 (internal quotation marks, internal bracket, and citation omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is

inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). Here, Kehlhofer was convicted of a Level 5 felony and a Level 6 felony. The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). The sentencing range for a Level 6 felony is "for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). The trial court sentenced Kehlhofer to five (5) years for the Level 5 conviction and to a concurrent two (2) years for the Level 6 felony.

[8] Kehlhofer argues that the nature of the offense does not support her aggregate five-year sentence. Specifically, she argues that the "non-violent nature" of the offense renders her sentence inappropriate. (Kehlhofer's Br. 14). We disagree. The nature of Kehlhofer's offense involves her possessing 9.24 grams of methamphetamine, approximately $13,800 of fraudulent U.S. currency, marijuana, and drug paraphernalia. Kehlhofer was also wanted on an arrest warrant. *See Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (holding that a

trial court can consider the totality of criminal conduct and its review is not limited to what the defendant pled guilty to).

[9] When considering the character-of-the-offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's prior criminal history will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense." *Smith v. State*, 889 N.E.2d 261, 263 (Ind. 2008) (internal quotation marks and citation omitted).

[10] Regarding Kehlhofer's character, the record reveals that in September 2017, she was convicted of Level 5 felony possession of methamphetamine and Level 6 felony unlawful possession of a syringe, which are the exact offenses that she committed in the underlying cause of this appeal. Two months later, she violated the terms and conditions of her community corrections placement and was ordered to serve 171 days in the Department of Correction. Thereafter, in April 2018, Kehlhofer committed the instant offenses. Furthermore, Kehlhofer's continued drug-related behavior is indicative of a failure to take advantage of rehabilitative opportunities in the past and reflects poorly on her character. *See*, *e.g.*, *Phelps v. State*, 969 N.E.2d 1009, 1021 (Ind. Ct. App. 2012) (stating that the defendant's refusal to take advantage of rehabilitative efforts offered to him reflected poorly on his character), *trans. denied*.

Kehlhofer has not persuaded us that the nature of the offense and her character make her sentence inappropriate.  Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

Robb, J., and Mathias, J., concur.